ALEXANDER DASHINSKY, an Infant, by MARY L. URGO, His Guardian ad Litem, Appellant, *v.* GUENTER T. SANTJER, Defendant, and LONG ISLAND DAILY PRESS PUBLISHING COMPANY, INC., Respondent.

Second Department, July 7, 1969.

Nixon Mudge Rose Guthrie Alexander & Mitchell (*Donald J. Zoeller* of counsel), for appellant.

*Albert P. Thill* for respondent.

BRENNAN, J.  In this action to recover damages for personal injuries sustained by the plaintiff when he was 13 years old, he appeals from a judgment of dismissal upon the trial court's decision at the end of a jury trial.  Accordingly, we must take the facts most favorable to him and, in determining whether they

constitute a cause of action, give him the benefit of every favorable inference that may be drawn (*Osipoff* v. *City of New York*, 286 N. Y. 422). The respondent* asserts that the trial court properly dismissed the complaint and, in any event, that the defense of workmen's compensation as the exclusive remedy may be interposed, for the first time, on this appeal.

At the time of the accident the plaintiff was employed by one Doerrier as a newspaper carrier boy to deliver and sell the defendant's newspapers. Although it was undisputed that Doerrier, in fact, was an independent contractor, the plaintiff alleged that the defendant held him out as its agent and is liable for his negligence. On January 28, 1960 the plaintiff and other boys of similar age, as on prior occasions, went " canvassing " with Doerrier. That activity lasted until about 9:30 P.M., when Doerrier took some of the boys home and brought others to the defendant's office near Route 109 in Suffolk County. Those accompanying Doerrier to the office were anticipating having a pizza pie which Doerrier had promised them as a " bonus " for a good night's work. Route 109 is a four-lane unlighted highway, two lanes running east and two west, separated by a grass mall, with a speed limit of 50 miles per hour. There was evidence that a traffic light was located 200 feet east of the defendant's office and that the pizza place was directly across the highway from the office.

At the office, Doerrier conducted business with one Rosenberg, his supervisor and a salaried employee of the defendant. Rosenberg testified that " franchise managers ", such as Doerrier, had, on prior occasions, brought carrier boys to the office after seven o'clock in the evening and that, although he knew this practice violated a State statute (Education Law, § 3219-a [renumbered § 3228]), he did not impart this knowledge to Doerrier or the other franchise managers. In Rosenberg's presence, the plaintiff, at the behest of Doerrier, crossed the four-lane highway to the pizza place and, when returning, was struck by an automobile operated by the defendant Santjer.

The plaintiff adduced substantial evidence upon which a jury could have found that Doerrier was the defendant's ostensible agent. The plaintiff contends that Doerrier should have instructed the boys how to traverse the highway safely and thus the defendant is liable in common-law negligence for Doerrier's failure to so act. The plaintiff also contends that the

---

* Insofar as the action was against defendant Santjer, the driver of the automobile which struck plaintiff, it was settled before trial and was discontinued. Hereinafter we shall refer to the respondent Long Island Daily Press Publishing Co. as the defendant.

defendant is liable for Doerrier's violation of the pertinent statute (either Labor Law, § 130, or Education Law, former § 3219-a) and that such violation imposes absolute liability. Finally, the plaintiff asserts that the defendant is liable as a joint tort-feasor, since its actual agent, Rosenberg, knew of the statutory violation.

There is no allegation in the complaint concerning the defendant's statutory violation. However at the trial the plaintiff moved to conform the pleadings to the proof. While the defendant did not object thereto, the court failed to pass upon the motion. Nevertheless, this court, in the interests of jusice, has the power *sua sponte* to amend the pleadings to conform to the proof (*Thorne Neal & Co.* v. *New York So. Coal Term. Corp.,* 270 App. Div. 816, affd. 295 N. Y. 977; CPLR 3025, subd. [c]). Hence, in the exercise of our appellate jurisdiction we may now do that which the trial court could have done and the complaint is accordingly deemed amended (*Horan* v. *Town of Brookhaven,* 29 A D 2d 563).

As previously stated, the defendant seeks for the first time to interpose the defense concerning workmen's compensation. While such relief may be obtained in an appellate court in the interests of justice, the record fails to sustain the defendant's contention that it was the actual employer of the plaintiff. Furthermore, at the trial, the defendant correctly took the position that no employment relationship between it and the plaintiff had been established; and its counsel expressly stated that he would not seek to amend the answer to plead such a defense. Moreover, it has been held that a defendant may not urge one ground as a defense upon the trial and thereafter assert an entirely different ground as a defense on an appeal where, at trial, it had knowledge of the latter ground as a defense but elected not to urge it (*Matter of Burmester* v. *De Lucia,* 263 N. Y. 315; *Matter of Darman* v. *National Mobile Tel. Serv.,* 30 A D 2d 1007; *Meyers* v. *Grand Union Co.,* 30 A D 2d 704). Finally, it is to be noted that were this defense permitted, the plaintiff would be legally prejudiced, since he was not accorded an opportunity to prove that no coverage existed (Workmen's Compensation Law, § 11; *Kuhn* v. *City of New York,* 274 N. Y. 118).

As heretofore noted, the plaintiff's causes of action for common-law negligence and for violation of statute rest on the doctrine of *respondeat superior.* It is settled that a principal may be held liable for the acts of its ostensible agent where the injured party relied upon the representations of the principal (*Hannon* v. *Siegel-Cooper Co.,* 167 N. Y. 244; *Santise* v.

*Martins, Inc.,* 258 App. Div. 663; Restatement, Agency 2d, §§ 8, 27, 34). We are of the opinion that a question of fact as to Doerrier's status vis-á-vis the plaintiff was presented. However, under the common-law theory, without some other factor not present here, there was no duty imposed upon the defendant to see that the plaintiff safely crossed the street. Consequently, the Trial Judge properly dismissed that portion of the complaint.

We are also of the view that the Trial Judge properly disposed of the plaintiff's joint tort-feasor theory. The cases relied upon by the plaintiff, which impose liability upon the hirer of an independent contractor where the work is performed unlawfully and the hirer knows of that fact, are not applicable (see *Rosenberg* v. *Schwartz,* 260 N. Y. 162; *Pitcher* v. *Lennon,* 12 App. Div. 356; *Brennan* v. *Walker Co.,* 93 Misc. 57). Those cases all involved inherently dangerous construction work where the hirer had a degree of control and supervision over the job. This court has observed that such cases present an exception to the general rule that a hirer of an independent contractor is not liable for the latter's negligence (*Burke* v. *Ireland,* 26 App. Div. 487; see also, *McDonald* v. *Shell Oil Co.,* 20 N Y 2d 160, 166). Nevertheless, if the principle announced in those cases applies here, the plaintiff failed to establish that the defendant had control over his activities.

We are of the opinion, however, that the plaintiff established a prima facie case with respect to the cause of action based on the violation of the Education Law. Section 130 of the Labor Law provides, generally, that no minor under 14 years of age shall be employed in any trade or business except as a newspaper carrier boy as permitted by section 3228 [formerly 3219-a] of the Education law. Violation of either section is a misdemeanor (Labor Law, § 140; former Penal Law, § 1275 [now Labor Law, § 213]). However, in a civil action by a minor employed in violation of section 130, the violation is per se evidence of the employer's negligence, but the contributory negligence of the infant is a defense (*Warney* v. *Board of Educ. of School Dist. No. 5 of Town of Irondequoit,* 290 N. Y. 329; *Lee* v. *Sterling Silk Mfg. Co.,* 134 App. Div. 123).

Former section 3219-a [subd. 1] of the Education Law defined a newspaper carrier boy as a male minor between the ages of 12 and 18 " who engages in the occupation of selling and delivering newspapers to customers at their homes or places of business." The statute further provided: " 4. No newspaper carrier boy shall be engaged in selling and delivering newspapers * * * after seven o'clock in the evening * * *.

" 8. It shall be unlawful for any person or corporation to wilfully and knowingly deliver or cause to be delivered newspapers to a newspaper carrier boy who is not in compliance with the provisions of this section."

It has been recognized that a breach of a statutory duty to a person within a defined class concerning a hazard within the " zone of apprehension " gives rise to civil liability (*De Haen* v. *Rockwood Sprinkler Co.*, 258 N. Y. 350; *Boronkay* v. *Robinson & Carpenter*, 247 N. Y. 365). Furthermore, where the statutory prohibition is not a mere regulation, but is absolute and unqualified, its violation as to a person within the class to be protected by the statute, who is injured as the proximate result thereof, imposes liability regardless of negligence (*Van Gaasbeck* v. *Webatuck Cent. School Dist. No. 1*, 21 N Y 2d 239; *Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313; *Karpeles* v. *Heine*, 227 N. Y. 74). The mandatory language used by the Legislature (" shall be engaged ") convinces us, as it did the Court of Appeals in the analogous cases cited, that section 3219-a created absolute liability. Parenthetically, it may be noted that " children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly " (*Union Pacific Ry. Co.* v. *McDonald*, 152 U. S. 262, 277; *Day* v. *Johnson*, 265 App. Div. 383, 387). Accordingly, we are of the view that the Legislature intended to afford recompense to infants employed in violation of section 3219-a, regardless of the employer's negligence, where the dangers involved are readily apparent to adults and the cause of the accident was foreseeable.

Since a statute designed to protect a particular class " is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed " (*Quigley* v. *Thatcher*, 207 N. Y. 66, 68; *Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313, 319, *supra*; see 3 Sutherland, Statutory Construction [3d ed.], § 7204), we are of the opinion that the plaintiff's canvassing activities on the evening of the accident constituted " selling and delivering newspapers ". Hence, the plaintiff is within the class of persons to be protected and the defendant may be vicariously liable for its ostensible agent's violation of the statute, regardless of the plaintiff's contributory negligence, if the harm resulting therefrom is the type that the statute was designed to prevent.

It bears emphasis to note that the defendant is not being imputed with Doerrier's negligence as the real employer of the

plaintiff, but rather as the ostensible or *de facto* employer for having " permitted or suffered [the plaintiff] to work " (Labor Law § 2, subd. 7). While the defendant is not an employer and the plaintiff is not its employee under the common-law understanding of those terms (*Ferro* v. *Sinsheimer Estate,* 256 N. Y. 398; cf. *Matter of Camphill Vil., U. S. A.* v. *Workmen's Compensation Bd.,* 23 N Y 2d 202), we have taken into consideration the defendant's admission on this appeal that it was in fact the employer; the fact that it might have supplied " the occasion by which the injury was made possible "; and the additional fact that it is a commercial self-supporting enterprise (*Warney* v. *Board of Educ. of School Dist. No. 5 of Town of Irondequoit,* 290 N. Y. 329, *supra; Bernal* v. *Baptist Fresh Air Home Soc.,* 275 App. Div. 88).

At bar, the defendant, as the ostensible employer, is liable to the plaintiff if it knowingly violated section 3219-a of the Education Law and if the violation was the proximate result of the injuries. As previously stated, a question of fact was presented as to whether the defendant held Doerrier out as its agent. Furthermore, factual issues were presented as to whether the defendant knowingly violated the statute and whether such violation was the proximate cause of the injury (*Van Gaasbeck* v. *Webatuck Cent. School Dist. No. 1,* 21 N Y 2d 239, *supra*).

Accordingly, the judgment should be reversed, on the law, insofar as it may be considered as having dismissed the statutory cause of action; and a new trial should be granted as to said statutory cause of action, with costs to abide the event. On the new trial the parties would be well advised to adduce proof, on the issue of proximate cause, as to the knowledge and capacity of the infant, his discretion, care and caution and his ability to know and appreciate surrounding dangers (*Marino* v. *Lehmaier,* 173 N. Y. 530).

Christ, Acting P. J., Hopkins, Munder and Kleinfeld, JJ., concur.

Judgment reversed, on the law, insofar as it may be considered as having dismissed the statutory cause of action, and new trial granted as to said cause of action, with costs to abide the event. The motion made by plaintiff at the trial to conform the pleadings to the proof, so as to include said statutory cause of action in the complaint, which motion was not passed upon by the trial court, is granted herewith and the complaint is deemed amended accordingly. No questions of fact have been considered with respect to said statutory cause of action.