Willard C. DIETRICH

v.

Captain G. L. TARLETON, Commander, Anacostia Naval Station, Appellant.

No. 71-1776.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 2, 1972.

Decided Nov. 29, 1972.

---

Mr. Thaddeus B. Hodgdon, Atty., Dept. of Justice, with whom Mr. Robert L. Keuch, Dept. of Justice, was on the brief, for appellant. Messrs. Thomas A. Flannery, U. S. Atty. at the time the record was filed, and James F. Flanagan, Asst. U. S. Atty., also entered appearances for appellant.

Ms. Selma W. Samols, Kensington, Md., for appellee.

Before TAMM and LEVENTHAL, Circuit Judges, and CHARLES E. WYZANSKI, Jr.,* Senior United States District Judge for the District of Massachusetts.

LEVENTHAL, Circuit Judge:

This is an appeal by the Commander of the Anacostia Naval Station, Washington, D.C., from an order issuing a writ of habeas corpus directing that he discharge the petitioner-appellee from service in the United States Navy.

The central legal issue is whether there was a "basis in fact" for the denial of the application of petitioner-appellee for discharge from the Navy as a conscientious objector.[1] The District Court held that there was no such basis in fact since the Navy's decision relied on the invalid reason that appellee's enlistment in the Navy was inconsistent with his request for discharge as a conscientious objector. That reason is, indeed, not valid,[2] and appellant does not contest that conclusion.

Appellant's claim is that the Commanding Officer's decision did not depend in crucial measure on the point that appellee was an enlistee, that the same decision would have been made

---

* Sitting by designation pursuant to Title 28, U.S.C. § 294(d).

1. Bortree v. Resor, 144 U.S.App.D.C. 300, 445 F.2d 776 (1971).

2. The District Court aptly cited Bates v. Commander, First Coast Guard District, 413 F.2d 475 (1st Cir. 1969) and Bouthillette v. Commanding Officer, Newport Naval Base, 318 F.Supp. 1143 (D.R.I. 1970).

even if that fact had not been cited. However, the Navy's determination does not speak to this point, one way or the other. When a decision of a government agency is put on several grounds, and one or more is invalid, a reviewing court must appraise whether the invalid ground may not have infected the entire decision.[3] The jurisprudence pertinent to conscientious objection cases cautions against deprivation of the liberty of someone claiming to be a conscientious objector when there is a substantial question that the deprivation may rest on invalid grounds.[4]

■ In concluding that the denial of appellee's claim cannot be sustained on the record as it stands, we take into account that other grounds asserted in the Navy's disposition partake, at least in measure, of a similar if not identical infirmity. This includes, for example, the references to appellee's volunteering for combat duty assignments without complaint.[5]

■ Similarly the reliance on the timing of a request for discharge is not in itself ground for denial of a claim of conscientious objection.[6] We note this both because of the Navy's emphasis on timing and because the timing here is not related, even by the Navy, to a fear

of personal danger, but at most to the issue of conscience crystallized by appellee's imminent assignment to a Reactionary Platoon where he would be in the position of having to use violence against others as part of riot control duties.

Government counsel seeks to support the Navy decision as based on inference from the fact that the application was filed both late in appellee's Navy career and hard on the heels of his having been turned down on his application to serve with "Operation Deepfreeze." This is said to show that appellee was motivated by convenience more than conscience. We need not and do not determine whether this would have been adequate basis for a decision rested solely on that ground, since the decision must be reconsidered in any event because it may have been infected by plainly invalid grounds, and since the state of the present record on the Deepfreeze timing is not clear.[7]

■■ While appellee was entitled to a writ, we do not think he was entitled to an order requiring immediate release. That is appropriate in some cases, as when a court is convinced from the record that there is no substantial possibility in law of an ultimate disposition

---

3. Braniff Airways, Inc. v. CAB, 126 U.S. App.D.C. 399, 379 F.2d 453 (1967); NLRB v. Reed & Prince Mfg. Co., 205 F.2d 131, 139 (1st Cir.), cert. denied, 346 U.S. 887, 74 S.Ct. 139, 98 L.Ed. 391 (1953).

4. Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971); United States ex rel. Checkman v. Laird, 469 F.2d 773 (2d Cir., 1972).

5. United States ex rel. Barr v. Resor, 143 U.S.App.D.C. 292, 446 F.2d 707 (1971).

6. Bortree v. Resor, *supra* note 1, 144 U.S. App.D.C. at 308, 445 F.2d at 784 ("The fact that Bortree did not submit his application until he was ordered to Viet Nam does, in the abstract, suggest insincerity on his part, but this fact is not sufficient in itself to sustain the Army's denial of a claim of conscientious objection"); United States ex rel. Checkman v. Laird, *supra* note 4, 469 F.2d 773 p. 786; Silberberg v. Willis, 306 F.Supp.

1013, 1021 (D.Mass.1969), rev'd on other grounds, 420 F.2d 662 (1st Cir. 1970) ("Unlike the authors of the regulation, the Board appears hesitant to recognize that men of the highest standard of conscientious belief may put off their final commitment until necessity gives [them] no choice.")

7. The record contains one line of testimony by appellee that he knew he had been rejected for Deepfreeze. It is not clear when he learned of this. He was not asked about the relation of this event to his decision to file the conscientious objection claim.

The psychiatrist's report noted that appellee had been disqualified on psychiatric grounds for Deepfreeze. It is not clear whether or when appellee was given access to that report. Nor does the record show whether the fact of disqualification on psychiatric grounds had been made known to appellee prior to his filing of the conscientious objector claim.

other than outright release. In the present case, we do not think sound exercise of the judicial function leads us that far. We do not intend to anticipate what may or should happen on reconsideration. The most that we can say now is that, on a sound consideration of appellee's claim in accordance with its regulations, including the provision of a hearing officer knowledgeable in policies and procedures relating to conscientious objector matters, the Navy may come either to deny the claim on a record not legally tainted, or to grant the claim.

The case is remanded, in accordance with what we deem to be sound procedure,[8] to the District Court with instructions to enter a new order granting appellee's petition within a reasonable time to be specified by the District Court, unless within that time the Government arranges for a new consideration, under its regulations, on a basis that is shorn of the errors identified in this opinion.

Remanded.

---

8. United States ex rel. Checkman v. Laird, *supra* note 4; *cf.* Ng Fung Ho v. White, 259 U.S. 276, 285, 42 S.Ct. 492, 66 L.Ed. 938 (1922).