■ CHRISTOPHER O'ROURKE, an Infant, by His Father and Natural Guardian, JOHN J. O'ROURKE, et al., Appellants, v FRANK E. LONG et al., Defendants, and LONG ISLAND DAILY PRESS PUBLISHING COMPANY, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered May 1, 1974, in favor of respondent upon the trial court's dismissal of the complaint at the close of plaintiffs' case at a jury trial. Judgment affirmed, with costs. No opinion. Martuscello, Acting P. J., Cohalan and Brennan, JJ., concur; Latham and Munder, JJ., dissent and vote to reverse the judgment and grant a new trial, with the following memorandum: Plaintiff Christopher O'Rourke, a 10-year old, was employed to deliver newspapers published by respondent, Long Island Daily Press Publishing Company, Inc. While delivering respondent's newspapers, he dismounted his bicycle, laid it down, crossed a street and purchased ice cream from a street vendor. We believe that such conduct by a 10-year old was reasonably foreseeable. Upon returning to his bicycle, he was allegedly struck down by a passing vehicle. Respondent is the only defendant remaining in the action, the others having settled with plaintiffs. The theory of liability urged by plaintiffs is that of strict liability, predicated upon respondent's alleged employment of the infant plaintiff in derogation of the applicable child labor laws (Labor Law, § 130; Education Law, § 3228). At the close of plaintiffs'

case, the trial court granted respondent's motion to dismiss on the ground that "the fact that the boy is put on the street * * * with a bicycle * * * by virtue of his employment or engagement as a newsboy was insufficient to establish a causal relationship between his illegal employment and the accident." In addition, the trial court found that, in seeking refreshments during the course of his duties, "the lad laid aside his duty as a newsboy." In *Dashinsky v Santjer* (32 AD2d 382) this court held, under circumstances similar to those here presented, that strict liability would be imposed upon a publisher who suffered the distribution of its newspapers by an underage newsboy in derogation of the child labor laws, for injuries incurred by such an infant in the course of his employment, providing it was found that the publisher knowingly violated the statute and that the violation was the proximate cause of the injury *(supra,* p 388). In our opinion, the facts here presented were not such as would permit the trial court to dismiss the complaint as a matter of law. As in *Dashinsky,* these questions should have been presented to the jury for determination as questions of fact. Accordingly, we would reverse the judgment and grant a new trial.