Howard Jay SILVERSTONE and Leila Ryland Swain, Petitioners,

v.

DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT, Respondent,

Maude Atherton et al., Intervenors.

No. 8827.

District of Columbia Court of Appeals.

Jan. 12, 1979.

Norman M. Glasgow, Whayne S. Quin, and Iverson O. Mitchell, III, Washington, D. C., were on the pleadings for petitioners.

Richard W. Barton, Deputy Corp. Counsel, D.C., and Leo N. Gorman, Asst. Corp. Counsel, D.C., Washington, D. C., were on the pleading for respondent.

William H. Greer, Jr., Washington, D. C., was on the pleadings for intervenors.

Before NEBEKER and HARRIS, Associate Judges, and JOHNSON, Associate Judge, Superior Court of the District of Columbia.[1]

1. Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

PER CURIAM:

This division decided the merits of this appeal by an opinion issued on April 25, 1977. *Silverstone v. BZA,* D.C.App., 372 A.2d 1286 (1977). Petitioners thereafter filed a motion seeking reconsideration, rehearing or hearing en banc, and correction of an allegedly erroneous finding by the court. Concerned as to the points raised, by order dated March 6, 1978, we requested the BZA to file a responsive pleading. Intervenors also responded to petitioners' motion. Subsequent written submissions also were made to the court by intervenors and petitioners, the most recent of which was filed on August 28, 1978.

### I

First, that part of petitioners' motion which sought en banc consideration of the case has been denied. Those portions of the motion which seek reconsideration and correction of an allegedly erroneous "finding" by the court have received careful analysis by the division. Based upon that analysis, we adhere to the result reached.

The "finding" by this court which petitioners contend to be erroneous (372 A.2d at 1291) was predicated upon an affidavit which was filed by petitioner Silverstone (on behalf of himself and his wife, petitioner Swain) to effect a substitution of parties in this case following petitioners' purchase of the residence for which the variance had been sought. Our interpretation of that affidavit was consistent with its content, but a subsequently filed affidavit makes it appear that our comment was not fully consistent with the overall facts. Accordingly, the petition for reconsideration is granted in part. While we affirm the result and the portions of our prior opinion up to Part II thereof, Part II is vacated (372 A.2d at 1290-91). Substituted therefor is the following new portion of the opinion:

### II

The second issue concerns the Board's decision to deny the original petitioner's application for a use variance based on hardship. Contrary to the current petitioners' argument, "the burden of proof is greater for a use variance than for an area variance. . . . A use variance cannot be granted unless a situation arises where reasonable use cannot be made of the property in a manner consistent with the Zoning Regulations." *Palmer v. BZA,* D.C.App., 287 A.2d 535, 542 (1972). "In short, it must be shown that strict application of the Zoning Regulations would preclude the use of the property for any purpose to which it may reasonably be adapted." *Bernstein v. BZA,* D.C.App., 376 A.2d 816, 819 (1977).

When petitioners Silverstone and Swain became substituted as the moving parties on this appeal, they also became bound by the record as it was made before the Board.[2] Neither the original petitioner nor the substituted petitioners have met the requisite burden of showing such an "extraordinary or exceptional situation or condition of a specific piece of property" that the strict application of the zoning regulations "would result in peculiar and exceptional practical difficulties to or exceptional and undue hardship upon the owner . . . ." See D.C.Code 1973, § 5-420(3). The original petitioner's claims of hardship are embodied in the Board's findings of fact Nos. 17 and 18: (17) "strict application of the Zoning Regulations would cause an economic loss to her by reason of her large financial expenditure in purchasing this property thinking that it could be used as a flat"; and (18) "because of the large size of the house on the subject property, it is impractical for [her] single family use. . . ." In effect, the current petitioners seek to have us overturn the denial of a variance in order to avoid presumed financial burdens of a transaction which they may have en-

---

2. The only new fact brought to our attention is their purchase of the subject property—after oral argument in this court—assertedly without knowledge of the proscription against flat (*i. e.,* two-family) use. While we have the authority to remand a case such as this for further proceedings "as justice may require", D.C.Code 1973, § 1-1510, no such relief has been requested and we see no independent basis for a remand.

tered into improvidently. The Board, however, has no authority to grant a variance in order to assure the economic viability of the use of a particular property in a particular manner. *Bernstein v. BZA, supra* at 820; *Taylor v. BZA,* D.C.App., 308 A.2d 230, 236 (1973).

Petitioners argue, citing *Clerics of Saint Viator, Inc. v. BZA,* D.C.App., 320 A.2d 291 (1974), that a hardship may arise from the character of the existing building and their inability to put that building to a reasonable use consistent with applicable zoning. In *Clerics of Saint Viator,* the hardship, which justified a granting of a variance, resulted from ".the historical circumstances of decline in religious vocations and departure from the traditional seminary concept of theological education." *Id.* at 294. That change of circumstances made it impossible to continue to operate the uniquely constructed property as a seminary. Under such an uncommon condition, strict application of the zoning regulations undoubtedly would have resulted in "peculiar and exceptional practical difficulties . . . [and] exceptional and undue hardship." In the instant case, however, there is no extraordinary or exceptional situation or condition inherent in the property itself which could warrant the variance sought. The structure in question, though originally constructed as a flat, was changed in 1950 into a single family dwelling and was utilized as such when the 1958 zoning regulations were adopted which prohibited flats. Unlike the seminary, the property here can continue to be used as a single family residence; nothing in the record demonstrates that the property is incapable of being used in a manner consistent with the zoning regulations. *Palmer v. BZA, supra.* For the above reasons, we conclude that the Board's decisions, (1) to affirm the order of the Zoning Administrator which terminated the nonconforming flat use and (2) to deny the application for a variance, were not erroneous.

*Affirmed.*