CLUB 99, INC., Petitioner,

v.

DISTRICT OF COLUMBIA ALCOHOLIC
BEVERAGE CONTROL BOARD,
Respondent.

No. 82–119.

District of Columbia Court of Appeals.

Argued Oct. 27, 1982.

Decided Nov. 30, 1982.*

Claire O. Ducker, Sr., Washington, D.C., for petitioner.

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on November 30, 1982, but is being published pursuant to the court's order granting respondent's motion to publish.

Leo N. Gorman, Asst. Corp. Counsel, with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before NEBEKER and PRYOR, Associate Judges, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

Petitioner argues that (1) the District of Columbia Alcoholic Beverage Control Board (the Board) lacks authority to discipline a licensee for violating statutes and regulations governing employment of minors; (2) if the Board has such power, an employer's good faith compliance with these laws is an absolute defense; and (3) the Board failed to provide a fair hearing prior to a two-day suspension of its license. We affirm.

In November 1979, petitioner hired Natalie Jean Bryan, then sixteen years old, to work as a nude "Go-Go" dancer. During her employment interview, Bryan told petitioner's general manager, Haitham Shurbaji, that she was eighteen years old, but produced no official identification. Shurbaji hired Bryan, demanding formal proof of age within the week. She began working the next day, and one week later presented a false identification card with her picture, name and address, and with date of birth indicating eighteen years of age. Bryan had purchased this card for "[s]even or eight dollars" at a place that "sold posters." Shurbaji examined and returned the card. Bryan worked until December 1980, before discovery of her underage status.

The Board found, *inter alia,* that petitioner employed a minor for a period of one year, neither requesting nor obtaining a special work permit for her. Pursuant to D.C.Code 1981, § 25–118, the Board concluded that petitioner violated laws and regulations governing employment of minors, D.C.Code 1981, § 36–201, *et seq.* and Chapter 4 of the Rules of the Board of Education, 10 DCRR § 426.2.

I

■ Petitioner contends that enforcement of child labor laws has been delegated to the Board of Education, not the Alcoholic Beverage Control Board. Hence, petitioner argues, the Alcoholic Beverage Control Board acted outside the scope of its statutory authority in sanctioning it. We disagree. D.C.Code 1981, § 25–118 states in relevant part that if a licensee "allows the premises ... to be used for any unlawful ... purposes" his license may be revoked or suspended by the Board. Thus, the Board's authority to sanction a liquor licensee for violations of the D.C.Code is by statute provided for directly. *See Am-Chi Restaurant, Inc. v. Simonson,* 130 U.S.App.D.C. 37, 38, 396 F.2d 686, 687 (1968) (suspension of license for permitting solicitation of prostitution on premises); *cf. 4934, Inc. v. Washington,* D.C.App., 375 A.2d 20, 23 (1977) ("unlawful purpose" determined by alleged violation of D.C.Code).

Alternatively, petitioner argues that the Board may not sanction an employer who has in good faith relied upon the representations of a minor as to her age. Petitioner focuses on D.C.Code 1981, § 36–512, which states that if "any person authorized to enforce this chapter" has doubt that an employee has reached the age of eighteen years, the person must furnish the employer with notice, demand and ten days to produce evidence of the employee's age. The statute requires immediate termination if the employee is not over eighteen or if no evidence is produced. Petitioner contends that this provision indicates legislative intent to discipline an employer no further than termination of the minor employee, and therefore precludes punishment of an employer who has acted in good faith.

■ Petitioner, however, again disregards the Board's independent statutory authority to suspend a liquor license if, without more, the premises are used for any unlawful purpose. D.C.Code 1981, § 25–118; *see Am-Chi Restaurant v. Simonson,*

*supra.*[1] Moreover, an employer is strictly liable for violation of child labor laws. *See e.g., Dashinsky v. Santjer,* 32 A.D.2d 382, 301 N.Y.S.2d 876, 882–83 (1969). Under D.C.Code 1981, § 36–201 *et seq.* and Chapter 4 of the Rules of the Board of Education, an employer's good faith is plainly irrelevant to regulations designed to protect the well-being of minors. *See id.* Hence, both statutory interpretation and legislative purpose conclusively indicate that an employer's good faith is no defense.

One final issue remains. Petitioner notes that it was never charged with violating a specific statute. The Board concluded that it employed a minor "in violation of D.C. Code 1981, § 25–118 and 36–201 *et seq.*" The Board also found its actions in contravention of Chapter 4 of the Rules of the Board of Education, 10 DCRR § 426.2. The question is whether a remand to the Board for more precise determination is necessary.

█ Administrative agency decisions must stand or fall on the basis used by the agency. *See S.E.C. v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943); *Kuhn v. Cissel,* D.C.App., 409 A.2d 182, 189 (1979) (Nebeker, J., dissenting). "If an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment." *S.E.C. v. Chenery, supra.* Nonetheless, in narrow circumstances this rule of administrative deference is tempered by considerations of judicial economy. When an agency's decision is based on several grounds and one or more is invalid, a reviewing court must appraise whether the invalid ground "may not have infected the entire decision." *Dietrich v. Tarleton,* 154 U.S.App.D.C. 47, 49, 473 F.2d 177, 179 (1972); *see Silverstone v. District of Columbia Board of Zoning Adjustment,* D.C.App.,

372 A.2d 1286, 1287 (1977), *vacated in part and amended,* 396 A.2d 992 (1979) (although agency's rationale of decision erroneous, result upheld as mandated by other regulations in light of findings adequately supported in record); *cf. Johnson v. United States,* D.C.App., 398 A.2d 354, 366 n. 10 (1979) (no agency remand required if error *de minimus*).

█ The Board adjudged as wrongful petitioner's employment of a minor for a one year period and suspended its license for two days. The Board invoked two grounds for discipline: (1) "D.C.Code 1981, § 36–201 *et seq.*," and (2) Chapter 4 of the Rules of the Board of Education, 10 DCRR § 426.2. Although we cannot ascertain the specific statutory underpinning of the first rationale, the second is clear. The Rules of the Board of Education provide that "[n]o minor under the age of eighteen (18) shall be employed or permitted to work in any establishment where alcoholic beverages are sold for consumption. . . ." Substantial evidence supports the Board's conclusion that petitioner acted in violation of this regulation. Moreover, the invalid ground of the Board's decision does no more than buttress by additional statutory reference its legal conclusion. We cannot say that the Board's invalid rationale represents a "determination of policy," *S.E.C. v. Chenery, supra,* nor that it "infected the entire decision." *Dietrich v. Tarleton, supra.* Hence, we uphold the Board's two-day suspension as mandated by the Board of Education regulation, based upon findings adequately supported in the record. *Silverstone v. District of Columbia Board of Zoning Adjustment, supra.*

## II

Petitioner argues that it was denied a fair hearing before the Board. In particu-

---

1. Petitioner's argument that jurisdiction for violation of laws governing employment of minors resides only in Superior Court, *see* D.C. Code 1981, § 36–524, is similarly deficient. D.C.Code 1981, § 25–118 provides the Board with a separate jurisdictional base.

lar, petitioner objects to the conduct of one Board member who, *inter alia,* refused to accept a proposed stipulation of facts, initiated discussion of sanctions prior to hearing petitioner's evidence, and allegedly prevented petitioner from presenting its argument to the Board. Petitioner contends that this member's bias prejudicially contributed to the Board's final decision.

We disagree. The Board member in question did not participate in the Board's decision. Of the three hearings in the proceedings below, two were held after he had resigned. Moreover, our review of the record indicates that his refusal to accept the proffered stipulation properly resulted from questions regarding its incomplete factual basis; that discussion of discipline was not premature in light of petitioner's clear and admitted violation; and that petitioner was not precluded from presenting its argument to the Board. Additionally, the two other Board members stated at various points during the hearing their openness to consideration of petitioner's evidence. On this record we cannot say that personal bias or prejudice affected the conduct of these proceedings. *See Jonal Corp. v. District of Columbia,* 175 U.S.App.D.C. 57, 62, 533 F.2d 1192, 1197, *cert. denied,* 429 U.S. 825, 97 S.Ct. 80, 50 L.Ed.2d 88 (1976). Accordingly, it is

ORDERED and ADJUDGED that the decision of the Board on review is hereby

*Affirmed.*