530 A.2d 763

**BOARD OF APPEALS, DEPARTMENT OF EMPLOYMENT AND TRAINING**

v.

**MAYOR AND CITY COUNCIL OF BALTIMORE.**

**No. 1399, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Sept. 8, 1987.

Lynn Weiskittel, Sp. Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Alexander Wright, Jr., Asst. Atty. Gen., on the brief), Baltimore, for appellant.

William R. Phelan, Jr., Asst. City Solicitor (Benjamin L. Brown, City Solicitor, on the brief), Baltimore, for appellee.

Argued before BLOOM and ROBERT M. BELL, JJ., and JOSEPH I. PINES, Associate Judge of the Eighth Judicial Circuit, Specially Assigned.

JOSEPH I. PINES, Judge.

The central issue in this appeal is the propriety of a decision by the Board of Appeals of the Department of

Employment and Training (the "Board") that Myra Johnson, a former employee of the Police Department of Baltimore City, was eligible for unemployment insurance benefits because she was not discharged for misconduct connected with her work, within the meaning of Maryland Annotated Code, Art. 95A, § 6(b) or (c).

On March 3, 1983, a Department of Employment and Training (DET) Claims Examiner determined that Myra Johnson was discharged from her employment for misconduct connected with her work within the meaning of § 6(c) and imposed a partial disqualification from benefits for a nine-week period.

The City of Baltimore appealed that decision to a DET Appeals Referee. After two full evidentiary hearings on the record, the Appeals Referee reversed the decision of the Claims Examiner and imposed a total disqualification from benefits, finding that Ms. Johnson was discharged for gross misconduct connected with her work within the meaning of § 6(b). He found a dual basis for the gross misconduct: (1) Ms. Johnson improperly interfered with Police Department work by advising her mother of her constitutional rights during a narcotics raid in her mother's home, and (2)

Ms. Johnson publicly accused the officers of "planting drugs."

Ms. Johnson appealed to the Board. On December 6, 1983, the Board conducted a hearing for the purpose of receiving argument only. On February 17, 1984, the Board issued the final agency decision, reversing its Appeals Referee on both points and finding that Ms. Johnson was not discharged for misconduct or gross misconduct within the meaning of § 6(b) or (c) and that she was entitled to unemployment insurance benefits.

The City appealed to the Circuit Court for Baltimore City, which affirmed the Board's decision that Ms. Johnson's advising her mother of her constitutional rights during the raid did not constitute misconduct but remanded the case for a hearing to determine whether Ms. Johnson had public-

ly accused officers of planting drugs. The judge denied motions to amend the judgment and held that the Board's finding that Ms. Johnson did not accuse officers of misconduct was not based on substantial evidence in the record because it had selected, without a hearing, one of two conflicting versions of a fact that she held to be dependent on the credibility of witnesses. The Board appealed, and we are asked to decide:

(1) whether the decision of the Board of Appeals was based on substantial evidence; and

(2) whether the reversal by the Board of Appeals of its Appeals Referee without a hearing was within its authority.

Myra Johnson was employed as a clerk in the Records Department of the Baltimore City Police Department. On July 19, 1982, while off duty, she learned from her aunt that a police narcotics raid was occurring at her mother's home. Ms. Johnson went to her mother's home while the raid was still in progress and was permitted inside by the police.

At the administrative hearing, Ms. Johnson and her mother, Elaine Buckson, testified that Ms. Johnson asked her mother whether "she read the warrant all the way through." Her mother responded, "No. They wouldn't let me because they told me to sit in a chair and don't move." Ms. Johnson advised her mother to read the warrant and was told by one of the police officers to "shut the hell up." Ms. Johnson continued to encourage her mother to read the warrant and was told to "shut your damn mouth up." Finally, her mother told her, "Just don't say any more," and Ms. Johnson remained silent.

Meanwhile, a crowd had gathered outside the house. According to four witnesses, the aunt, Sandra Walker, was yelling, cursing and advising the crowd that the police were planting drugs in the house. All four witnesses denied that Ms. Johnson engaged in similar activity. Ms. Johnson explained to the Appeals Referee that she worked for the

Police Department and knew better than to risk her job or imprisonment by carrying on like her aunt.

The two police officers who were called to testify by the City contradicted the testimony of Appellant's witnesses. They testified that it was Myra Johnson who accused the police officers of planting drugs in the house.

Judicial review of the administrative adjudication of unemployment insurance appeals is governed by Md.Ann. Code, Art. 95A, § 7(h):

> Judicial Review: Any party aggrieved by a decision of the *Board of Appeals* may secure judicial review thereof by appeal to the Circuit Court of the county.... In any judicial proceeding under this section, the *findings of the Board of Appeals* as to the facts, if supported by competent, material and substantial evidence in view of the entire record, and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. (Emphasis added.)

■ The statute is clear that the findings of the Board of Appeals, not those of the Appeals Referee who conducted the hearing, are given special deference upon judicial review. The facts found by the Board are subject to a substantial evidence review.

■ The findings of fact made by the Board are binding upon the reviewing court, if supported by substantial evidence in the record. *Board of Education of Montgomery County v. Paynter,* 303 Md. 22, 35, 491 A.2d 1186, 1193 (1985). A court may only determine if reasoning minds could reach the same conclusion reached by the Board from the facts and permissible inferences in the record. *Baltimore Lutheran High School Association, Inc. v. Employment Security Administration,* 302 Md. 649, 662, 490 A.2d 701, 707–708 (1985). Any inference to be drawn from the facts is left to the agency: "Furthermore, not only is it the province of the agency to resolve conflicting evidence, but where inconsistent inferences from the same evidence can

be drawn, it is for the agency to draw the inference." *Baltimore Lutheran*, 302 Md. at 663, 490 A.2d at 708.

Accordingly, we hold that the Board of Appeals' decision that Ms. Johnson's advice to her mother was not misconduct was based on substantial evidence. The Circuit Court did not err in affirming that decision.

■ We have previously held that a reviewing court cannot substitute its judgment for that of the agency concerning credibility of witnesses. *Juliano v. Lion's Manor Nursing Home*, 62 Md.App. 145, 488 A.2d 538 (1985), and cases cited therein; *Jacocks v. Montgomery Co.*, 58 Md. App. 95, 472 A.2d 485 (1984).

■ In its opinion, the Circuit Court stated that the Appeals Board "was acting arbitrarily and capriciously" because without a hearing it reversed a finding of the Appeals Referee that the Circuit Court found to be dependent upon an assessment of the credibility of witnesses. The Circuit Court's decision requiring the Board to hold a hearing is contrary to the Unemployment Insurance Law. The Legislature has granted the Board the power to reverse the findings and conclusions of its Appeals Referee, with or without a hearing, in § 7(f):

> Upon review on its own motion or upon appeal, the Board of Appeals may *on the basis of the evidence previously submitted in such case*, or upon the basis of such evidence as it may direct be taken, affirm, modify or reverse the *findings and conclusions* of the referee or special examiner. (Emphasis added.)

The power granted to the Board to reverse without a hearing and the deference accorded to the Board's findings of fact in § 7(h) indicate that the Legislature created the Board as the ultimate fact finder for the agency with due regard for its expertise in this field. We have previously acknowledged the right of an agency's ultimate fact finder to reverse the trier of fact without a hearing.

In *Montgomery County Fire Board v. Fisher*, 53 Md. App. 435, 442, 454 A.2d 394, 398 (1983); *aff'd.* 298 Md. 245, 468 A.2d 625 (1983), we stated:

> We do not agree with the appellant's contention that the Commission was required to hold a hearing prior to or in conjunction with its review of the proceedings, findings and report of the Medical Board.... To require a hearing in each case, upon review, would defeat the very purpose for creating the Medical Board.... We see nothing in the statute, however, which requires an additional hearing in every case submitted to the Commission for its review.

The record reflects, and we hold, that the Circuit Court ventured into error when it held, in effect, that the Board could not reverse a credibility finding by the Appeals Referee unless it first conducted a *de novo* hearing with live witnesses. No such requirement is mandated by law.

Accordingly, we shall reverse the Circuit Court and remand the case to the Circuit Court for entry of an order affirming the Board of Appeals.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR ENTRY OF AN ORDER AFFIRMING THE BOARD OF APPEALS.

COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.