540 A.2d 1188

**MARYLAND STATE RETIREMENT AND PENSION SYSTEMS**

v.

**David K. MARTIN.**

No. 1434, Sept. Term, 1987.

Court of Special Appeals of Maryland.

May 11, 1988.

Carolyn A. Quattrocki, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellant.

Ralph M. Burnett (Burnett, Eiswert & Janes, P.A., on the brief), Oakland, for appellee.

Argued before GILBERT, C.J., and BLOOM and WENNER, JJ.

WENNER, Judge.

The Board of Trustees of the Maryland State Retirement & Pension Systems determined that David K. Martin, appellee, could not revoke his transfer from the Employees' Retirement System of the State of Maryland (retirement system) to the Pension System for Employees of the State of Maryland (pension system), and denied his request for reinstatement into the retirement system. Upset by that turn of events, Martin appealed to the Circuit Court for Garrett County which reversed the decision of the Board. Upon this appeal, the Board contends that: (1) The circuit court exceeded its statutory authority by ruling upon issues never addressed at the agency level; (2) The circuit court erred in holding that the agency failed to consider admissible evidence; and (3) The agency's decision must be affirmed because it is supported by substantial evidence. We shall reverse the judgment of the circuit court.

A brief explanation of the retirement plans for employees of the State of Maryland is necessary to place the issues which we are called upon to decide in their proper context. Prior to January 1, 1980, the retirement system constituted the only retirement plan for most State employees. Md. Ann.Code art. 73B § 2 (1983 Repl.Vol.). On January 1, 1980 Article 73B was amended to establish a second system of retirement, the pension system. § 112. The two systems are identical in two respects relevant to this appeal. First, any member of either system may retire after thirty years of creditable service. §§ 11(1), 11(3)(b) and 117(1)(a). Second, elected and appointed officials may retire under both systems after 16 years of creditable service. §§ 11(12) and 117(13). The two systems differ, however, with respect to employee contributions and benefits. Members of the Re-

tirement system contribute 5 to 7 percent of their salaries to their retirement accounts, whereas members of the pension system ordinarily make no contributions to their retirement accounts. §§ 11C(5), 11D(5) and 122. Upon retirement after both sixteen and thirty years, members of the retirement system receive benefits which are generally 50% greater than those received by members of the pension system. §§ 11(3) and 117(2).

As of January 1, 1980, Article 73B § 3(8) gives employees who were members of the retirement system as of that date the option of choosing to remain in the retirement system, or of transferring to the pension system, and establishes the procedure for transfers. Specifically, the statute provides that:

Any person who is a member of the retirement system ... on December 31, 1979, shall continue to be a member unless on January 1, 1980 or the first day of any month thereafter he becomes a member of The Pension System for Employees of the State of Maryland by filing with the board of trustees, at least 90 days before, on the form the board requires an executed waiver of all benefits which might inure to him under this retirement system.

Appellee has been a Deputy Clerk of the Circuit Court for Garrett County since July, 1977. Until July of 1984, he was a member of the retirement system. On or about July 24, 1984, he executed the waiver required by Art. 73B § 3(8)[1] and transferred to the pension system. Accordingly, appellee received a refund of his contributions, and ceased contributing a percentage of his salary to his retirement account. On October 5, 1984, appellee requested reinstate-

---

**1.** The waiver signed by appellee states that:

I hereby apply for the transfer of my membership from the Retirement System of the State of Maryland to the Pension System of the State of Maryland. I understand the main differences between these systems as stated on the reverse side of this application.

I also understand that by signing this application I have irrevocably transferred my membership from the Retirement System of the State of Maryland to the Pension System of the State of Maryland and that my benefits will be less under my new plan than under my old plan.

ment into the retirement system. On November 7, 1984, the agency denied his request on the grounds that his transfer to the pension system was irrevocable. Appellee requested a hearing which was held on September 9, 1985. The agency's hearing officer denied appellee's request for reinstatement, and the Board adopted the hearing officer's decision. As we have noted, the Circuit Court for Garrett County reversed the Board's decision.

## I.

Appeals from the Board of Trustees of the Maryland State Retirement and Pension Systems are governed by The Administrative Procedure Act, Md.State Gov't.Code Ann. § 10–101 et. seq. (1984). Under § 10–215(g)(3) the circuit court may:

> reverse or modify the [agency's] decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion, or decision of the agency:
> (i) is unconstitutional;
> (ii) exceeds the statutory jurisdiction of the agency;
> (iii) results from an unlawful procedure;
> (iv) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; or
> (vi) is arbitrary or capricious.

As can be seen, the scope of review is narrow. *Secretary of Health & Mental Hygiene v. Crowder*, 43 Md.App. 276, 405 A.2d 279, *cert. denied*, 286 Md. 745 (1979). "The court's statutory role upon review goes very little beyond its inherent power of review to prevent illegal, unreasonable, arbitrary or capricious administrative action." *Harford Memorial Hospital v. Health Services Cost Review Commission*, 44 Md.App. 489, 506, 410 A.2d 22 (1980); *Chertkof v. Dept. of Natural Resources*, 43 Md.App. 10, 17, 402 A.2d 1315, *cert. denied*, 286 Md. 745 (1979).

Where the agency has made no error of law, then, the standard of review is "whether the finding is supported by

substantial evidence." *Nationwide Mutual Insurance Co. v. Insurance Commissioner,* 67 Md.App. 727, 737, 509 A.2d 719 (1986). In *Bulluck v. Pelham Wood Apts.,* 283 Md. 505, 390 A.2d 1119 (1978), the Court of Appeals discussed this standard, as well as other principles concerning judicial review of agency decisions:

> "Substantial evidence," as the test for reviewing factual findings of administrative agencies, has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." The scope of review "is limited 'to whether a reasoning mind reasonably could have reached the factual conclusion the agency reached,' " . . . .
>
> In applying the substantial evidence test, we have emphasized that a "court should [not] substitute its judgment for the *expertise* of those persons who constitute the administrative agency from which the appeal is taken." We also must review the agency's decision in the light most favorable to the agency, since "decisions of administrative agencies are prima facie correct," and "carry with them the presumption of validity." Furthermore, not only is it the province of the agency to resolve conflicting evidence, but where inconsistent inferences from the same evidence can be drawn, it is for the agency to draw the inferences. (Citations omitted). (Emphasis in original).

*Bulluck,* 283 Md. at 512–13, 390 A.2d 1119.

■ Particularly relevant to the case *sub judice* is the rule that "in reviewing decisions of administrative agencies, the court's appraisal or evaluation must be of the agency's fact-finding results and not an independent original estimate of or decision on the evidence, and that the required process requires restrained and disciplined judicial judgment so as not to interfere with the agency's factual conclusion where supported by evidence." *Zeitschel v. Board of Education of Carroll County,* 274 Md. 69, 82, 332 A.2d 906 (1975). Thus, even though a reviewing court may disagree with the conclusions drawn by an agency, it is

not at liberty to disregard the agency's conclusions and substitute its own. *Nelson v. Real Estate Commission,* 35 Md.App. 334, 344–45, 370 A.2d 608, *cert. denied,* 280 Md. 733 (1977). Moreover, a reviewing court is restricted to the record made before the administrative agency, and is confined to whether, based upon the record, a reasoning mind reasonably could have reached the factual conclusion reached by the agency. *Cicala v. Disability Review Board for Prince George's County,* 288 Md. 254, 260, 418 A.2d 205 (1980). *Accord, Ad & Soil, Inc. v. County Commissioners of Queen Anne's County,* 307 Md. 307, 321, 513 A.2d 893 (1986) (Circuit court's review of an administrative agency decision is ordinarily restricted to evidence in the record developed before the agency); *Prince George's Doctors' Hospital, Inc. v. Health Services Cost Review Commission,* 302 Md. 193, 202–203, 486 A.2d 744 (1985) (Judicial review must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment); *Chertkof, supra,* 43 Md.App. at 17, 402 A.2d 1315 (Judicial review, particularly in appeals from administrative bodies, must be limited to the determination *based on the record* ) (emphasis in original); *Club 99, Inc. v. District of Columbia Alcoholic Beverage Control Board,* 457 A.2d 773 (D.C.App.1982) (Administrative agency decision must stand or fall on basis used by the agency); *Love v. Hidalgo,* 508 F.Supp. 177, 181, (D.Md.1981) (Proper focus of reviewing court is on reasons given by administrative authority).

 We believe the trial judge violated the principles of judicial review which we have just restated. The circuit court reversed the agency's decision because "there was no information available on the Application to Transfer for the Appellant to make an informed decision." [2] Specifically, the circuit court concluded that the "Application to Transfer"

---

**2.** The circuit court also found that the hearing officer erred in ruling "inadmissible" appellee's testimony that he identified himself as an appointed official. We shall discuss that finding in Part II of this opinion.

form: (1) was not a valid contract; (2) contained negligent misrepresentations; and (3) failed to give sufficient notice of its irrevocability. In reaching these conclusions, the trial judge raised, developed and ruled upon issues not presented by the parties or considered by the agency. Moreover, in order to substantiate its conclusions, the trial court engaged in independent fact-finding. This it may not do.

At the hearing before the agency, appellee argued that he transferred to the pension system solely in reliance on misinformation he received from an agency retirement counselor. He claimed that he had identified himself as a deputy clerk in his telephone conversation with the agency retirement counselor, and that the counselor nonetheless failed to inform him of his sixteen-year retirement option.[3] Thus, he contended, the agency should be estopped from denying his request for reinstatement into the retirement system. The hearing officer denied appellee's request for reinstatement. He concluded that there was no evidence that appellee had been misinformed by the retirement counselor, and that there was no evidence that appellee informed the retirement counselor that he was an appointed official. The Board agreed.

Before the circuit court, appellee again argued that the agency should be estopped from denying him reinstatement. He also claimed that the hearing officer erred in failing to consider his testimony wherein he said that he had identified himself as an appointed official.[4]

---

**3.** At oral argument appellee's attorney maintained that appellee had always said that he wanted to retire in sixteen years. That is a blatant misstatement of the record which we do not appreciate. Actually, the record reveals that appellee first learned of the sixteen year retirement option in late September or early October, 1984, some four months after he talked with the agency retirement counselor. *See* infra, page 250.

**4.** Appellee also raised for the first time the contention that the agency did not have the statutory authority to require employees to execute the waiver form which renders their transfer to the pension system irrevocable. The circuit court properly refused to address this issue. *Chertkof, supra,* 43 Md.App. at 10, 402 A.2d 1315.

It is clear from the transcript that neither of the parties raised issues concerning the contractual validity of the "Application to Transfer" form in the proceedings before the agency. The circuit court raised these issues on its own initiative. The circuit court also made several independent factual findings. For example, the circuit court found that the transfer form described the differences between the two retirement systems only as they apply to regular employees. The court also made several findings regarding the placement and typeface of the language in the transfer form. The circuit court also found that an employee's transfer from the retirement system to the pension system has significant fiscal consequences for the agency, and that the agency has an interest in promoting transfers. None of these facts were found by the agency hearing officer. In fact, no such contentions were before the agency hearing officer.

Accordingly, we shall reverse the judgment of the circuit court because it was based upon facts outside the administrative record, and on grounds not presented to or considered by the agency.

## II.

The circuit court also held that even if reversal of the agency decision were not required because of the contract issues, the case would be remanded because the agency refused to admit certain relevant evidence. Specifically, the court held that the hearing officer erroneously ruled inadmissible appellee's testimony that in his telephone conversation with the agency retirement counselor he identified himself as a deputy clerk. We see it differently.

The hearing officer did not rule the testimony inadmissible, he simply did not believe it. Indeed, appellee stated several times on the record that he had identified himself as a deputy clerk. No objection was made to this testimony, and it was clearly part of the record.

Moreover, in making his ruling, the hearing officer stated that he had considered *all* of the evidence and testimony presented. Having said that, the hearing officer went on to hold:

Ms. Buckel[5] and Mr. Martin both testified extensively on the issue of whether or not Mr. Martin identified himself as to his official title and position in State service ... They both testified that he did and there was no testimony to the contrary. However, in consideration of the totality of the evidence and testimony presented this Hearing Officer rejects this testimony as being self-serving. This testimony has to be considered in the light of their attempt to show that they relied to their detriment on the information provided by the counselor in making their decision.

Thus, rather than refusing to admit this testimony, the hearing officer simply determined that it lacked credibility, and accorded it no weight. We have repeatedly held that a reviewing court may not substitute its judgment for that of the agency concerning the credibility of witnesses and evidence. *Board of Appeals v. City of Baltimore*, 72 Md.App. 427, 432, 530 A.2d 763 (1987); *Juiliano v. Lion's Manor Nursing Home*, 62 Md.App. 145, 153, 488 A.2d 538 (1985). It was the hearing officer's task, as the trier of fact, not that of the circuit court, to determine the credibility of the witnesses. Consequently, the circuit court erred in reversing the agency's determination on this issue.

### III.

Our inquiry does not end here, however. We must now determine whether the agency's finding is supported by substantial evidence. *Nationwide Mutual Insurance Co.,* *supra*, 67 Md.App. at 737, 509 A.2d 719. In making this determination, we are mindful that "where inconsistent

---

5. Ms. Buckel did not testify at the administrative hearing. It was stipulated, however, that her claim was identical to appellee's claim, and that the agency's decision would be applicable to her also.

inferences from the same evidence can be drawn, it is for the agency to draw the inferences," *Bulluck, supra,* 283 Md. at 513, 390 A.2d 1119, and "no matter how conflicting, or how questionable the credibility of the source of the evidence, the court has no power to substitute its assessment of credibility for that made by the agency" *Commissioner, Baltimore City Police Dept. v. Cason,* 34 Md.App. 487, 508, 368 A.2d 1067, *cert. denied,* 280 Md. 728 (1977).

Two witnesses testified at the administrative hearing, appellee, and Florence Buklasky, a retirement counselor with the Maryland State Retirement System. Appellee testified that on July 24, 1984 he called a Retirement Benefits Counselor [6] seeking advice as to which plan would be most beneficial to him, retirement or pension. Appellee said that he told the counselor his name and title, and asked her for "all the alternatives or rights about retirement." The counselor told appellee that he could retire after either 25 or 30 years, and recommended that appellee transfer to the pension system. Appellee said that based on the counselor's advice, he transferred to the pension system. Appellee further said that in September or early October of 1984 a co-worker told him about the sixteen-year retirement option. Appellee said that he was always aware that the benefits were much less under the pension system than under the retirement system, and that he is still eligible to retire in sixteen years. Appellee testified that over the years he had reviewed many retirement publications from the Maryland State Retirement System, but had never seen any reference to the sixteen-year retirement option. He did say, however, that someone had told him he could retire after sixteen years, but he couldn't remember when that was, or who it was who told him.

Florence Buklasky testified concerning the agency's continuous efforts to inform employees about retirement benefits. She said that one employee in all state offices, includ-

---

6. Appellee could not identify the counselor to whom he spoke. He said only that he spoke with "a lady, female".

ing the Office of the Clerk of the Circuit Court for Garrett County, is designated as a Retirement Coordinator. All Retirement Coordinators are given Retirement Coordinator Manuals,[7] and receive memoranda regularly from the agency regarding specific retirement issues of importance to employees.[8] Retirement counselors and other agency employees also attend annual statewide meetings and periodic regional meetings of the Clerks of the Court to provide them with information about the retirement systems. Ms. Buklasky testified that she had visited Garrett County "a number of times" to discuss the sixteen-year retirement option.

Ms. Buklasky, who has been a counselor for eighteen years, testified that all retirement counselors have full knowledge of the sixteen-year retirement option available to elected and appointed officials. She did say, however, that because 90% of the individuals calling for information are not eligible for the sixteen-year option, elected and appointed officials must identify themselves as such. Moreover, counselors are instructed only to explain the options, and are not allowed to make recommendations.

Thus, the only evidence presented in support of appellee's claim was his own testimony concerning his telephone conversation with an unidentified agency retirement counselor. The hearing officer concluded that in light of all the other evidence in the record, appellee's testimony lacked credibility. This conclusion is supported by the record.

In his Request for Hearing, appellee asserted that he telephoned the retirement counselor because he "wished to determine which of the two systems would allow [him] to

---

**7.** Appellee testified that he had "skimmed" the manual prior to transferring to the pension system.

**8.** The agency introduced an example of such a memorandum which addressed a change in the sixteen-year retirement option. This memorandum was sent to all Retirement Coordinators.

retire after 16 years with the greatest financial benefit." [9] Also, at the hearing, appellee testified that someone had once told him that he could retire after sixteen years, but he could not recall when he had heard this. These statements contradicted his testimony that he had not been aware of his eligibility to retire in sixteen years prior to his conversation with the retirement counselor.

In addition, Ms. Buklasky's testimony concerning the agency's efforts to inform employees about retirement options, specifically her testimony that she had visited Garrett County a number of times to discuss the sixteen year retirement option, undermined appellee's assertion that despite seven years as a deputy clerk, he was misled by the agency and was unaware of his eligibility to retire in sixteen years when he elected to transfer to the pension system.

Finally, Ms. Buklasky's testimony that individuals calling to consult with a counselor must identify themselves as elected or appointed officials in order to receive accurate information, and that agency personnel may not make recommendations, challenged appellee's claim that he identified himself as a deputy clerk and the counselor nonetheless failed to inform him of his eligibility for the sixteen year retirement option, and that the counselor made a specific recommendation to him upon which he relied.

■ Based on the substantial evidence in the record undermining the credibility of appellee's testimony, the hearing officer determined that appellee either did not identify himself as a deputy clerk, or was not misinformed about his retirement options when he elected to transfer.

We hold that "reasoning minds could reasonably reach that conclusion from the facts in the record before the agency ...", *Cason,* 34 Md.App. at 508, 368 A.2d 1067, and

---

**9.** In his Petition for Appeal, appellee amended this statement to "in order to determine which of the two systems would allow [him] to retire with the greatest financial benefit."

that it was error for the circuit court to substitute its conclusions for those of the agency.

JUDGMENT REVERSED;

CASE REMANDED TO THE CIRCUIT COURT FOR GARRETT COUNTY FOR ENTRY OF ORDER AFFIRMING THE BOARD OF TRUSTEES FOR THE MARYLAND STATE RETIREMENT AND PENSION SYSTEMS.

COSTS TO BE PAID BY THE APPELLEE.