640 A.2d 232

Mary Lou BAINES, et al.

v.

BOARD OF LIQUOR LICENSE COMMISSIONERS FOR BALTIMORE CITY.

No. 1221, Sept. Term, 1993.

Court of Special Appeals of Maryland.

April 28, 1994.

Christopher M. Lee (Melvin J. Kodenski and Kodenski & Canaras, on the brief) Baltimore, for appellants.

Gerald Langbaum, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and John K. Barry, Asst. Atty. Gen., on the brief) Annapolis, for appellee.

MURPHY, Judge.

Mary Lou Baines ("Baines") and M. & C. Inc. t/a "Murph's Tavernacle," appellants, contend that the Circuit Court for Baltimore City erroneously affirmed a ruling by the Baltimore Board of Liquor License Commissioners' ("The Board"), appellee, that prohibited appellants from reopening their bar. We agree. The Circuit Court should have reversed the Board's decision.

## FACTS

Appellants operate "Murph's Tavernacle," a tavern located at 606–08 East Patapsco Avenue in Baltimore City. For nearly four years, the tavern was closed for renovations. During that period, appellants continued to pay rent on the property, maintain access to the property, and keep all required licenses current. Appellant's liquor license was not scheduled to expire until April 30, 1993.

On November 17, 1992, Baines wrote a letter to the Board that stated:

"To Whom It May Concern:

M & C, Inc. T/A Murph's Tavernacle at 606–08 East Patapsco Ave. has been closed due to renovation and sickness since January, 1989. I would like to open in two weeks.

Thank You,

Mary Lou Baines"

The Board responded in a letter dated November 23, 1992. That letter stated:

In light of the fact that the premises have been closed in excess of three (3) years, it will be necessary that the following actions be taken:

1. Prior to reopening, you must obtain approval from the Baltimore City Health Department, fire department and approval from the Building and electrical Inspections Divisions of Baltimore City.

2. Due to the fact that you have been closed almost four (4) years, you must obtain a petition signed by the residents and property owners in close proximity to the subject premises indicating their approval of the reopening of the premises as being necessary for public convenience and accommodation and in the public interest.

The Board believes that a premises that has been closed to the public for four (4) years must reestablish itself as in the case of an original application inasmuch as the public has not considered the subject premises an alcoholic beverage establishment for that period of time.

The public hearing regarding your request to reopen the premises will be conducted on Thursday, December 10, 1992.

At the hearing, the Board considered (1) a petition signed by 147 citizens who opposed the reopening of "Murph's Tavernacle," (2) information about the establishment's record of problems associated with drinking in the area surrounding the establishment, drug related activity, illegal gambling, prostitution, and general rowdiness, and (3) evidence that, although there were at least 15 other bars in the immediate area, the community had experienced peace and quiet during the time that "Murph's Tavernacle" was closed.

Appellants presented a petition signed by approximately 100 persons urging the Board to issue the license and reopen the tavern. Baines testified that over $125,000.00 had been invested in the business and that she had been renting the premises for the past four years with the intention of reopening.

The Board decided that the reopening of "Murph's Taverna-cle" was not in the best interests of the community, and appellants had therefore failed to satisfy the requirements of Md.Code (1957, 1987 Repl.Vol.) Art. 2B, § 60. This section requires that an applicant for a new license must prove:

> that the granting of the license is ... necessary for the accommodation of the public ... that the applicant is ... a fit person to receive the license applied for ... has [not] made a material false statement in his application ... has [not] practiced fraud in connection with the application ... that the operation of the business ... will [not] unduly disturb the peace of the residents of the neighborhood in which the place of business is to be located.

The Board's refusal to grant appellants' request to reopen the premises did not serve to revoke appellants' liquor license. Appellants obtained an injunction to operate the tavern while the Board's decision was on appeal. In the Circuit Court for Baltimore City, the trial judge ruled that, pursuant to Art. 2B, § 75, the original license had expired because the premises had been vacated for over ten days. The circuit court there-fore affirmed the Board's decision. This appeal followed.

## ISSUES

Three questions are presented for our review:

1. Does Md.Ann.Code, Art. 2B, allow the Board to hold a hearing under Art. 2B, § 60, concerning the validity of appellant's liquor license, after that license has already been properly renewed under Art. 2B, § 68?

2. Under the facts of this case, is the Board estopped from acting to affect the validity of the appellant's license after a valid renewal?

3. Under the facts of this case, if it is decided that Art. 2B, § 75 was properly at issue, did the Board have substantial evidence to make its decision under *Rupinski v. Biel*, 43 Md.App. 635, 406 A.2d 684 (1979).

We shall not address questions 2 and 3 because our answer to question 1 is "not under the circumstances of this case."

## DISCUSSION

### I.

 The Board is a creation of statute and may not exceed the express powers granted to it by the legislature. "Where the Legislature grants authority in certain enumerated areas, it cannot be presumed to intend that grant to apply to other areas which it has chosen not to specify." *Prince George's County v. State of Maryland Commission on Human Relations*, 40 Md.App. 473, 487, 392 A.2d 105 (1978). "[Administrative] agencies must scrupulously conform to their own rules and authorizing statutes." *Mandel v. U.S. Department of Health, Education and Welfare*, 411 F.Supp. 542, 544 (D.Md.1976). Administrative practice is entitled to no weight when it is inconsistent with the statutory scheme. *Inlet Associates v. Assateague House*, 313 Md. 413, 432–33, 545 A.2d 1296 (1988).

The provisions that govern application for and renewal of liquor licenses are codified in Md.Code Ann. Art. 2B, § 68(a)(1). That section provides, in pertinent part:

The holder of any expiring license ... shall not less than 30 nor more than 60 days before the first day of May of each and every year, file a written application ... The renewal application shall state that the facts in the original application are unchanged ... Upon the filing of the renewal application, and upon payment of the annual fee, the holder of the expiring license is entitled to a new license for another year without the filing of further statement or the furnishing of any further information unless specifically requested by the official authorized to approve the license.

The provisions that govern revocation and suspension are codified in Art. 2B § 69–71. If it decides to act against the license because of a complaint, the Board must adhere to the procedure codified in § 70, which provides:

The Comptroller or the Board of License Commissioners for any county or Baltimore City, as the case may be, may on its own initiative or upon the written complaint of ten or more citizens, residents, real estate owners and voters of

the precinct in which any licensed place of business is situated, or upon the complaint of any deputy or inspector employed by the Comptroller in the administration of this law, or any peace officer . . . after a hearing upon charges to be framed by the officer or the Board, or upon the complaint, notice of which shall be given to the licensee at least ten days before the hearing, revoke or suspend any license issued under the provisions of this article.

The provisions that govern if the licensee is evicted or vacates the premises are found in Art. 2B, § 75. That section provides, in ·pertinent part:

On the tenth day after the holder of any license issued under the provisions of this article has vacated or been evicted from the premises for which the license was issued, the license shall expire unless an application for approval of a transfer . . . has been .approved or is then pending.

## II.

### A.

■ The trial judge based his decision on the grounds that appellants had vacated the premises and were therefore subject to the Board's authority according to § 75. Vacation of the premises by appellants under § 75, however, was not addressed by the Board at the original hearing. The Board did not argue to the circuit court that appellants had vacated the premises nor did it allege that its decision was correct under § 75. It could not present that argument because no such findings of fact were made at the administrative hearing.

■ It is a cardinal rule of administrative appeals that "a reviewing court . . . shall apply the substantial evidence test to final decisions of an administrative agency, but *it must not itself make independent findings of fact or substitute its judgment for that of the agency." Baltimore Lutheran High School Ass'n, Inc. v. Employment Sec. Admin.*, 302 Md. 649, 662, 490 A.2d 701 (1985) (emphasis added).

Judicial review of administrative action differs from appellate review of a trial court judgment. In the latter context the appellate court will search the record for evidence to support the judgment and will sustain the judgment for a reason plainly appearing on the record whether or not the reason was expressly relied upon by the trial court. However, in judicial review of agency action the court may not uphold the agency order unless it is *sustainable on the agency's findings and for the reason stated by the agency.* *United Steelworkers v. Bethlehem Steel,* 298 Md. 665, 679, 472 A.2d 62 (1984) (emphasis added).

"A reviewing court is restricted to the record made before the administrative agency." *Maryland Retirement Systems v. Martin,* 75 Md.App. 240, 246, 540 A.2d 1188 (1988). At the administrative hearing, no consideration was given to § 75. The Board relied on § 60 and § 68 for its authority, and made findings of fact under only those sections.[1] The circuit court made its own findings of fact, thus exceeding the court's authority to review decisions of an administrative agency.

### B.

■ The Board contends that "an establishment that has been closed for nearly four years presents the functional equivalent of both a new application and a renewal for an establishment whose circumstances have changed." The statute, however, does not empower the Board to impose such an obligation on a licensee who is in good standing. The Board contends that it is authorized to impose this requirement because Article 2B, § 184 grants to the commissioners "full power and authority to adopt such reasonable rules and

---

1. This case demonstrates the importance of fact finding by the administrative agency. It is questionable whether § 75 applies here because there is no evidence that appellants were "evicted" or that appellants "vacated" the premises. Nothing in the record before us indicates that the Board applies § 75 to cases like this one. The Board's decision to proceed under § 68 implies that it believed § 75 was not applicable. *Cf., In Re Devon T.,* 85 Md.App. 674, 696–97, 584 A.2d 1287 (1991).

regulations as they deem necessary to enable them effectively to discharge the duties imposed upon them by this article." We are persuaded, however, that the Board did not have the authority to conduct the kind of hearing conducted in this case.

The Board certainly could have initiated appropriate proceedings in compliance with §§ 69–70. It decided, however, to proceed under § 68, thereby using the procedures for license renewal to deal with complaints that should have been dealt with—if at all—through the revocation/suspension process. That decision should have been reversed by the circuit court.

JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR ENTRY OF A JUDGMENT REVERSING THE DECISION OF THE BOARD OF LIQUOR LICENSE COMMISSIONERS; COSTS TO BE PAID BY APPELLEE.