896 A.2d 432

**BOARD OF LICENSE COMMISSIONERS FOR PRINCE GEORGE'S COUNTY, Maryland**

v.

**GLOBAL EXPRESS MONEY ORDERS, INC., et al.**

No. 938, Sept. Term, 2005.

Court of Special Appeals of Maryland.

April 12, 2006.

340

Edmond B. O'Connell, Upper Marlboro, for Appellant.

Brief not submitted for appellee.

Panel: MURPHY, C.J., HOLLANDER and JAMES R. EYLER, JJ.

JAMES R. EYLER, J.

Ronald Gould, Joseph Rowley, and Richard Butler on behalf of Borak & Gould, Inc. t/a Bass' Restaurant and Liquors, appellees (sometimes hereinafter "licensees"), sought to renew a beer, wine, and liquor license held by them. A protest was filed with the Prince George's County Board of License Commissioners, appellant. Appellant held a hearing and denied renewal of the license.

The licensees filed a petition for judicial review in the Circuit Court for Prince George's County. Global Express Money Orders, Inc., another appellee (sometimes hereinafter "Global Express"), intervened and filed a memorandum in support of the petition for judicial review. The City of Mount Rainier, a party in the administrative proceeding and in circuit

court, filed a memorandum in opposition to the petition for judicial review. The circuit court affirmed in part, reversed in part, and remanded the matter to appellant for further proceedings.

One of the arguments made by appellees in circuit court was that three witnesses they intended to call, who did not appear and/or testify, should have been compelled to testify. The circuit court ruled that the Board should have reported to the circuit court the failure of the witnesses to testify, at the time that it occurred. On appeal to this Court, appellant challenges that ruling.[1] Appellees have not filed a brief in this Court. We shall reverse the judgment of the circuit court, in part, and thereby affirm appellant's decision.

## Factual Background

The licensees held a beer, wine, and liquor license for several years. The license for the year 2003–04 expired by its terms on May 31, 2004. Several persons protested the renewal of the license.

As a result of the protest, appellant scheduled a hearing as required by Md.Code (1957, 2005 Repl.Vol.), Art. 2B, sections 10–302(g) and 10–202(a).[2] Appellant conducted the hearing on May 5 and 6, 2004.

On May 4, 2004, counsel for the licensees hand delivered a letter to appellant requesting the issuance of subpoenas for three persons who they intended to call to testify and request-

---

1. Md.Code (1957, 2005 Repl.Vol.), Art. 2B, section 16–101 governs the right to judicial review of decisions by local licensing boards. Appellant had the right to appeal to this Court pursuant to section 16–101(f)("[A]ny party of record to an appeal of a decision of a local licensing board to the circuit court may appeal the decision of the circuit court [to this Court]"); *see also Bd. of Liquor License Comm'rs v. Hollywood Productions, Inc.*, 344 Md. 2, 10, 684 A.2d 837 (1996) (overruling *Bd. of Liquor License Comm'rs v. Leone*, 249 Md. 263, 239 A.2d 82 (1968), which stated that a county liquor license board does not have standing to appeal the reversal of its decision).

2. All statutory references are to Article 2B as codified in the 2005 Replacement Volume, unless otherwise indicated.

ed that the subpoenas be provided to counsel for service. The three witnesses were members of the Prince George's County Police Department, who worked part time as security personnel at the licensees' business. During the hearing, the licensees called one of the witnesses to testify, who stated that he appeared pursuant to subpoena, but refused to testify on the ground that it would be in violation of the Police Department's policy. One of the other two witnesses appeared briefly and left, and the remaining witness did not appear.

After the witness who appeared refused to testify, counsel for the licensees requested appellant to continue the proceedings and to seek the aid of the circuit court in compelling the witnesses to testify. Appellant declined to do so.

By decision dated May 28, 2004, appellant denied renewal of the license. Section 10–202(a)(2)(iii)[3] requires that certain findings be made in order to renew a license. Pursuant to that section, appellant concluded that it could not find that renewal was necessary to accommodate the public or that renewal would not unduly disturb the peace and residents in the neighborhood.

On May 28, 2004, the licensees petitioned for judicial review in circuit court. Global Express, a creditor of the licensees,

---

**3.** Section 10–202(a)(2)(iii) provides:

The application shall be disapproved and the license for which application is made shall be refused if the Board of License Commissioners for the City or any county determines that:

1. The granting of the license is not necessary for the accommodation of the public;

2. The applicant is not a fit person to receive the license for which application is made;

3. The applicant has made a material false statement in his application;

4. The applicant has practiced fraud in connection with the application;

5. The operation of the business, if the license is granted, will unduly disturb the peace of the residents of the neighborhood in which the place of business is to be located; or

6. There are other reasons, in the discretion of the board, why the license should not be issued.

was permitted to intervene and file a memorandum in support of the licensees' position.

On March 4, 2005, the court held a hearing, and on May 25, 2005, it issued an opinion and order. The court addressed five issues. First, the court held that appellant erred in not complying with section 16–410. That section provides that, if a subpoenaed [4] witness refuses to testify at a hearing before a board of license commissioners, the board shall report the facts to circuit court, and the circuit court shall proceed by attachment against the witness. Second, the court ruled that appellees' challenge to appellant's jurisdiction had not been raised before appellant and thus had not been preserved. Third, the court ruled that appellees' challenge to the admissibility of evidence demonstrating non-compliance with conditions attached to the license had not been raised before appellant and thus had not been preserved. Fourth, the court, seemingly inconsistent with its first ruling and with its judgment, ruled that appellant's findings were supported by substantial evidence. Fifth, the court ruled that appellees' challenge to the admissibility of testimony by residents and by a Mount Rainier police officer had not been raised before appellant and thus had not been preserved. The court affirmed in part, reversed in part, and remanded for further proceedings.

Appellant noted an appeal to this Court.

### Standard of Review

 In reviewing the decision of an administrative agency, this Court performs the same function as the circuit court. *Dep't of Labor, Licensing & Regulation v. Muddiman,* 120 Md.App. 725, 733, 708 A.2d 47 (1998) (citing *Dep't of Human Res. v. Thompson,* 103 Md.App. 175, 188, 652 A.2d 1183 (1995)). We review the decision of the agency, not that of the circuit court. *Wisniewski v. Dep't of Labor, Licensing & Regulation,* 117 Md.App. 506, 515–16, 700 A.2d 860 (1997)

---

4. Section 16–410 uses the term "summonses," but the type of summons at issue in this case is a witness subpoena.

(citing *Westinghouse Elec. Corp. v. Callahan*, 105 Md.App. 25, 32, 658 A.2d 1112 (1995)). When an agency, including a local alcoholic beverage licensing board, acts in a fact-finding or quasi-judicial capacity, we review its decision to determine whether it was rendered in an illegal, arbitrary, capricious, oppressive, or fraudulent manner. *Christopher v. Montgomery County Dep't of Health and Human Servs.*, 381 Md. 188, 213–14, 849 A.2d 46 (2004); *Giant Food, Inc. v. Dep't of Labor, Licensing & Regulation*, 356 Md. 180, 185, 738 A.2d 856 (1999) (citing *Dep't of Natural Res. v. Linchester Sand & Gravel Corp.*, 274 Md. 211, 224, 334 A.2d 514 (1975)); *Bd. of License Comm'rs v. Toye*, 354 Md. 116, 121, 729 A.2d 407 (1999). Our role is limited to determining if there is "substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *Muddiman*, 120 Md.App. at 733, 708 A.2d 47 (quoting *United Parcel Serv., Inc. v. People's Counsel*, 336 Md. 569, 577, 650 A.2d 226 (1994)); *see also Baltimore County Licensed Beverage Ass'n, Inc. v. Kwon*, 135 Md.App. 178, 186–87, 194, 761 A.2d 1027 (2000). The Court of Appeals has defined "substantial evidence" as "such evidence as a reasonable mind might accept as adequate to support a conclusion" and "whether a reasoning mind reasonably could have reached the factual conclusion the agency reached." *Mastandrea v. North*, 361 Md. 107, 133, 760 A.2d 677 (2000) (quoting *Mayor of Annapolis v. Annapolis Waterfront Co.*, 284 Md. 383, 398, 396 A.2d 1080 (1979)); *see also Blackburn v. Bd. of Liquor License Comm'rs*, 130 Md. App. 614, 634, 747 A.2d 725 (2000) (citations omitted). Under the substantial evidence test, we may not substitute our own judgment for that of the board. *Blackburn*, 130 Md.App. at 623–24, 747 A.2d 725 (citing *Baines v. Bd. of Liquor License Comm'rs*, 100 Md.App. 136, 142, 640 A.2d 232 (1994)). When reviewing factual issues, we must review the agency's decision in the light most favorable to the agency since its decision is prima facie correct and carries with it the presumption of validity. *Giant Food*, 356 Md. at 185, 738 A.2d 856 (citing *Catonsville Nursing Home, Inc. v. Loveman*, 349 Md. 560,

569, 709 A.2d 749 (1998)). Moreover, the action of the local licensing board is presumed to be proper and to serve in the best interest of the public. Md.Code § 16–101(e)(1)(i); *Toye,* 354 Md. at 121, 729 A.2d 407. The burden of proof is on the licensee to show that the board's decision was arbitrary, fraudulent, unsupported by substantial evidence, or illegal. Md.Code § 16–101(e)(1)(i); *Toye,* 354 Md. at 121, 729 A.2d 407.

### Discussion

█ Appellant contends that the court erred in holding that it was required to continue the proceedings before it and to report to circuit court the failure of witnesses to appear or testify.

Art. 2B, section 16–410 provides, in pertinent part:

(a) *Definitions.*—(1) In this section the following words have the meanings indicated.

(2) "Board" means the Comptroller, the boards of license commissioners, or the members of the boards, as appropriate.

(b) *Witnesses; oaths; service.*—(1) For the purpose of all hearings and inquiries which the board is authorized to hold and make, the board may issue summonses for witnesses, and administer to them oaths or affirmations.

(2)(i) All summonses shall be served by the sheriff, except that:

1. In the City of Annapolis . . .

2. In Anne Arundel County . . .

3. In Baltimore City . . .

4. In Harford County . . .

(ii) If any witness summoned refuses or neglects to attend, or if attending, refuses to testify, the official issuing the summons shall report the facts to the circuit court for the county. The court shall proceed by attachment against the witness in all respects as if the witness summoned to

appear in the court in a case pending before it had neglected or refused to do so.

(c) *Records or papers; enforcement.*—(1) This subsection applies in the following counties:

\* \* \*

(viii) Prince George's County;

(2) A board may subpoena any records or papers pertaining to a licensed business or establishment.

(3) If a witness refuses to produce any records or papers so subpoenaed the board shall report the fact to the circuit court for the county, and the court shall proceed by attachment against the witness in all respects as if the refusal had been by a witness summoned to appear in the court in a case pending before it.

The circuit court interpreted the word "shall" in section 16–410(b)(2)(ii) as mandatory, requiring appellant to report the failure of witnesses to testify to circuit court. We disagree.

Article 2B comprehensively governs alcoholic beverages, contains provisions applicable to all political subdivisions in the State, and other provisions applicable only to some, but not all, of the subdivisions. Title 16 addresses, in part, the regulatory and enforcement powers of local licensing boards.

Our reading of section 16–410 is that it gives the boards subpoena power and a method for enforcing that power. The section does not automatically require a board to report to circuit court a failure of a witness to testify, but a board is empowered to do so.

In determining the meaning of "shall" in section 16–410(b)(2)(ii), we turn to the rules of statutory construction. The cardinal rule of statutory interpretation is to "ascertain and effectuate the intention of the legislature." *Toye,* 354 Md. at 122, 729 A.2d 407 (quoting *Oaks v. Connors,* 339 Md. 24, 35, 660 A.2d 423 (1995)). To determine legislative intent, we must first look to the actual language of the statute. *Id.* (citations omitted). Moreover, courts ordinarily will not look beyond the

words of the statute itself where the statutory language is plain and unambiguous. *Id.* (citations omitted).

The statutory language, however, cannot be defined by dictionary definitions alone. *Id.* The Court of Appeals has stated:

> "In construing the meaning of a word in a statute, the cardinal rule is to ascertain and carry out the real legislative intention." *Tucker v. Fireman's Fund Insurance Co.,* 308 Md. 69, 73, 517 A.2d 730 (1986). We start by examining the language of the statute. *Id.* We are not constrained, however, by ... "the literal or usual meaning" of the terms at issue. *Id.* at 75, 517 A.2d 730. "A dictionary is a starting point in the work of statutory construction, but not necessarily the end." *Morris v. Prince George's County,* 319 Md. 597, 606, 573 A.2d 1346 (1990).

*Id.* at 123, 729 A.2d 407 (quoting *Romm v. Flax,* 340 Md. 690, 693, 668 A.2d 1 (1995)).

In addition,

> [w]hile the language of the statute is the primary source for determining legislative intention, the plain meaning rule of construction is not absolute; rather, the statute must be construed reasonably with reference to the purpose, aim, or policy of the enacting body. The Court will look at the larger context, including the legislative purpose, within which statutory language appears.

*Id.* at 124, 729 A.2d 407 (quoting *Tracey v. Tracey,* 328 Md. 380, 387, 614 A.2d 590 (1992)); *see also Christopher,* 381 Md. at 209, 849 A.2d 46; *Giant Food,* 356 Md. at 189–90, 738 A.2d 856. It is especially necessary to look at this larger context when the language of the statute is ambiguous, and the legislative history is of no help. *See Toye,* 354 Md. at 124, 729 A.2d 407 ("[W]hen 'there is a lack of relevant legislative history, we must rely substantially on the language of the statutes in the context of the goals and objectives they seek to achieve.'") (footnote omitted) (quoting *Subsequent Injury Fund v. Teneyck,* 317 Md. 626, 632, 566 A.2d 94 (1989)). Finally, the Court of Appeals has stated, with regard to construing the various provisions of Article 2B, that all parts

of the Article "must be read together as they form part of a general system." *Id.* (quoting *State v. Petrushansky,* 183 Md. 67, 71, 36 A.2d 533 (1944)).

 There are several different meanings for "shall": (1) has a duty to; is required to; (2) should; (3) may; (4) will; and (5) is entitled to. Black's Law Dictionary 1407 (8th ed.2004). Therefore, "shall" may be either mandatory or directory. *See also Hitchins v. Mayor and City Council,* 215 Md. 315, 323, 138 A.2d 359 (1958) ("[I]t is well settled that the use of the words 'shall' or 'may' are not controlling, in determining whether a particular provision is mandatory or directory."). "The question of whether a statutory provision using the word 'shall' is mandatory or directory 'turns upon the intention of the Legislature ...' " *Solomon v. Bd. of Physician Quality Assurance,* 132 Md.App. 447, 456, 752 A.2d 1217 (2000) (quoting *Resetar v. State Bd. of Education,* 284 Md. 537, 547, 399 A.2d 225 (1979)), *cert. denied,* 360 Md. 275, 757 A.2d 811 (2000); *Hitchins,* 215 Md. at 323, 138 A.2d 359.

Section 1–101 of Article 2B states in part:

(a) *Regulation necessary.*—(1) It is the policy of the State of Maryland that it is necessary to regulate and control the manufacture, sale, distribution, transportation and storage of alcoholic beverages within this State and the transportation and distribution of alcoholic beverages into and out of this State to obtain respect and obedience to law and to foster and promote temperance.

(2) It is the legislative intent that that policy will be carried out in the best public interest *by empowering ... the various local boards of license commissioners and liquor control boards ... with sufficient authority to administer and enforce the provisions of this article.*

(emphasis added).

The legislature clearly intended that the various licensing boards be empowered to regulate and control the sale of alcoholic beverages, and requiring a board to report to the circuit court a failure of a witness to testify, in all such instances, would hinder the board in exercising its authority under Article 2B.

Moreover, section 16–410(b) states in subpart (1) that the board "may" issue subpoenas for witnesses, but, in subpart (2) that the official issuing the subpoena "shall" report to the circuit court if any witness subpoenaed refuses or neglects to attend and/or testify. If the word "shall" is read as mandatory, this provision would require the board to enforce a subpoena that it had the authority to refuse to issue in the first place. Additionally, we note that the statute provides no penalty for failure to "report the facts to circuit court." Given the legislative purpose of Article 2B, we conclude that the word "shall" is directory only, and not mandatory.

■ In all proceedings, the board must conduct a fair hearing and comply with all other laws, including due process. In the case of a party seeking a subpoena, a board must seek enforcement if necessary to protect a party's rights. That can only be determined on a case-by-case basis. In other words, the statute in question empowers a board to issue and enforce subpoenas, and its actions in a given case are subject to review under the applicable standard of administrative review.

■ Appellant explained its action. The request to issue the subpoena came one day before the hearing, without an acceptable explanation as to why it had not occurred earlier. Appellant noted the license was due to expire on May 31. There was no proffer that the witnesses were properly served pursuant to statute.[5] The reasonable implication from the record is that the witnesses, if served, were served by counsel for the licensees on May 4 or 5.

There was no proffer of the expected testimony, but appellant assumed that the witnesses would testify that they observed no activities that would constitute a disturbance of the public peace and safety. Appellant noted there was considerable evidence to the contrary. For example, residents testified that customers of the licensees harassed and annoyed neigh-

---

5. The statute requires that service be by the county sheriff. § 16–410(b)(2)(i).

bors, solicited prostitution, solicited the sale of drugs, urinated in public, drank alcoholic beverages in public, and acted in a loud and disorderly manner. Moreover, when the restaurant part of the business was open, it had numerous code violations, including damaged walls and ceilings. This evidence was adequate to support appellant's conclusion that the activities of the licensees disturbed the peace of the neighborhood, and a court may not weigh the evidence or substitute its own judgment for that of appellant.

Appellant conducted a hearing in accordance with law. Under the circumstances, its refusal to continue the hearing and refer the matter to circuit court was not arbitrary or capricious.[6]

Consequently, we must affirm appellant's decision.

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY WITH INSTRUCTIONS TO AFFIRM THE DECISION OF THE BOARD OF LICENSE COMMISSIONERS. COSTS TO BE PAID BY APPELLANT.**

---

[6.] Because the issue is not before us, we express no opinion on the procedure to be followed by a circuit court when, pursuant to Art. 2B, section 16–410, a board reports to the court the failure of a witness to appear, testify, or produce documents.