REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2621

September Term, 2013

_____

SUGARLOAF CITIZENS ASSOCIATION,
ET AL.,

v.

FREDERICK COUNTY BOARD OF
APPEALS, ET AL.

_____

Woodward
Leahy,
Reed

JJ.

_____

Opinion by Reed, J.

_____

Filed:  April 26, 2016

This appeal arises from an order of the Circuit Court for Frederick County affirming an administrative decision made by appellee, the Frederick County Board of Appeals (the "Board"). Appellants, the Sugarloaf Citizens' Association, Inc., Montgomery Countryside Alliance, Inc., Christopher and Sandra Sappe, and Gary Noubarian, seek our review of that Board decision, in which it declined to review appellants' administrative appeal on jurisdictional grounds.

Appellants raise two questions for our consideration. We rephrase those questions for clarity and reorder them as follows:[1]

    I.    Whether the Board erred where it declined to review the Frederick County Health Department's determination of "septic system adequacy" on the grounds it lacked jurisdiction;

    II.   Whether the Board erred where it determined the site plan as amended was not subject to Frederick County's current site plan review criteria.

We answer these questions in the negative. Accordingly, we affirm the judgment of the circuit court and shall explain.

### FACTUAL AND PROCEDURAL BACKGROUND

---

[1] Appellants originally presented the following two questions in their brief:

    I.    Did the Board of Appeals err as a matter of law in affirming the Planning Commission's site plan approval, which failed to apply Frederick County's current site plan review criteria to Lot 4?

    II.   Did the Board of Appeals err as a matter of law in affirming the Planning Commission's site plan approval without considering evidence that could have required joint review of the proposed septic system by the local health department and by Maryland's Department of the Environment?

1

This dispute arises out of the ongoing efforts of appellee, the Global Mission Church of Greater Washington ("GMC"), to build a 138,027 square foot place of worship in Frederick County, Maryland.

These efforts began in 2009 when GMC submitted Site Development Plan SP 92-37 ("SP 92-37") for consideration by the Frederick County Planning Commission (the "Commission" or "Planning Commission"). SP 92-37 described GMC's plan to build a large-scale place of worship, which would include the sanctuary itself, dining and kitchen facilities, offices, meeting rooms, and a multi-purpose hall. The plan also included the installation of a septic tank with a total loading capacity of 4,999 gallons per day.

GMC held several meetings with both Commission staff and Frederick County staff during the first half of 2009. As the site plan made its way through the review process, two significant issues arose—the adequacy of the septic system and the need for a secondary emergency access to the property. Despite these two issues, SP 92-37 was brought before the Commission for consideration, and public hearings regarding the site plan were held on July 8 and July 15, 2009.

A Commission staff report recommended the conditional approval of SP 92-37. This approval was drawn from the recommendations of the Engineering, Planning, and Life Safety Sections of the Frederick County Planning Department, as well as the Frederick County Health Department. The Health Department recommended approval of the site plan after a series of negotiations between GMC and the Department regarding proposed water and septic facilities.

The July 15, 2009 hearing turned out to be a watershed moment in the life of SP 92-37. The Commission heard from GMC, county staff, and individual citizens and citizen groups with regard to the site plan. The septic system emerged as a significant concern for the Commission, and it granted a ninety-day continuance in the proceedings in order to give GMC and County staff an opportunity to address the septic system and other issues raised during the hearing.

During that ninety-day period, the County sought additional information from GMC regarding the issues raised at the July 15, 2009 hearing, which GMC provided on September 14, 2009. After that, no additional information was requested and no further meetings were scheduled. Rather, another public hearing was scheduled for October 14, 2009.

A week before the scheduled hearing, Commission staff released another Staff Report, in which it changed positions and recommended denial of SP 92-37. This new recommendation was based on a review by the Health Department and the Life Safety Section of the new information GMC submitted. The Health Department was concerned that the proposed building capacity would lead to an average septic discharge that would exceed the septic system's loading capacity. The County Life Safety Section determined the proposed building's occupant capacity would be four times the number it originally anticipated, and, accordingly, it determined the site plan would need a secondary emergency access road.

This new recommendation created an additional hurdle for GMC. In an effort to avoid denial of its proposed site plan, GMC sought to hold additional discussions with

3

County staff regarding the revised recommendation. GMC was able to meet only with the Health Department before the hearing, where a Department staff member suggested GMC seek a continuance. Two days before the hearing, on October 12, 2009, GMC requested a continuance, and again, at the October 14 hearing, it reiterated that request before the full Commission. Despite the multiple requests, the Commission denied a continuance and proceeded with the hearing. The Commission heard testimony and received evidence from GMC and the public. Many members of the public objected to the site plan, citing the potential negative impact of the project on the area's rural and scenic nature, as well as environmental concerns. Notwithstanding GMC's proffered concessions to address these concerns,[2] the Commission denied SP 92-37 on the basis of the revised Staff Report, the lack of adequate septic capacity, and GMC's failure to provide for a secondary access road.

GMC sought review of the Commission's denial from the County Board of Appeals. The Board held a hearing on January 20, 2010, in which it decided to proceed with a *de novo* review, and heard a significant amount of testimony for and against SP 92-37. The Board issued its decision on March 25, 2010, in which it vacated and remanded the decision

---

[2] GMC offered to place additional restrictions on the site plan, including:
- no school on the property;
- no daycare on the property;
- metering and monitoring of water usage, with regular reports to be submitted to the health Department;
- reduction of the building's height from 85 to 70 feet;
- a maximum number of users at any one time of 2,320 people;
- reducing the building's size by 28,000 square feet;
- constructing the requested secondary emergency access road; and
- use of water-efficient fixtures.

of the Commission. The Board explained that the Commission had denied GMC due process because GMC was not afforded a "meaningful and adequate opportunity" to address the concerns of the Health Department and the County with regard to the septic system and secondary access road, respectively.

Of particular significance to the present appeal, the Board's opinion resolved a jurisdictional issue that arises in this case. The Board explained that the Maryland Department of the Environment ("MDE"), acting via the Health Department, possesses the sole authority to certify or approve proposed septic systems. According to the Frederick County Code, before the Commission can approve a proposed site plan, the Health Department must approve the site plan's proposed water and sewer facilities. *See* Frederick County Code of Ordinances ("F.C.C.") § 1-19-3.300.4 (2014).[3] Accordingly, without MDE's approval of the proposed septic system, the Board determined the Commission

---

[3] At the time SP 92-37 was under review by the Commission in 2009, the water and sewer approval provisions were codified at F.C.C. § 1-19-3.300.1(B). That provision stated: "The Health Department shall certify that the proposed water and sewage facilities are adequate to service the proposed development."

The present-day version of the statute now states:

Where the proposed development will be served by publicly owned community water and sewer, the facilities shall be adequate to serve the proposed development. Where proposed development will be served by facilities other than publicly owned community water and sewer, the facilities shall meet the requirements of and receive approval from the Maryland Department of the Environment/the Frederick County Health Department.

F.C.C. § 1-19-3.300.4(C).

lacked the authority to consider SP 92-37 at that time and should have granted GMC's request for a continuance.

Appellees, the Frederick County Board of County Commissioners (the "County Commissioners"), were aggrieved by the Board's March 25, 2010, decision and sought judicial review from the circuit court. The County Commissioners, in their petition, claimed the Board's decision was erroneous because it considered evidence outside the record, and acted in excess of its powers by remanding the site plan application to the Planning Commission. The circuit court agreed with the Board that GMC was denied due process and the reasonable opportunity to obtain the Health Department's approval for its septic system, and, accordingly, affirmed the Board's decision.

With this new opportunity in hand, GMC proceeded to revise SP 92-37 to address the concerns raised about the site plan, including those concerns regarding the septic system and the secondary access road. GMC submitted a revised version of SP 92-37 in July 2012,[4] and the site plan once again went before the Planning Commission at a November 14, 2012 hearing.

---

[4] The revised plan included the following changes:

1) Reduction of the building size from 138,027 square feet to 118,530 square feet;
2) Reduction of the sanctuary's seats from 1,160 to 800;
3) Reduction of the dining hall's seats from 500 to 320;
4) Addition of a secondary emergency access road to Dr. Perry Road, in compliance with the requirements of Frederick County's Office of Life Safety.

6

This hearing was attended by both County staff and the appellants, where appellants registered their opposition to the site plan. County staff recommended approval, however, because it determined the site plan was in compliance with all applicable county regulations and the Health Department concluded that the septic system was of adequate capacity. Satisfied with the site plan's progress, the Planning Commission conditionally approved SP 92-37.

Appellants believed the Commission's conditional approval was in error and appealed the decision to the Board on December 14, 2012. Appellants contested the Commission's approval on two grounds: 1) the Health Department underestimated the maximum daily septic discharge; and 2) the Commission failed to consider adequately SP 92-37's compliance with the criteria of F.C.C. § 1-19-3.300.4(A).[5] The Board held a hearing to consider appellants' case and denied the appeal on jurisdictional grounds. The Board first explained it lacked the authority to review the Health Department's determination because, as a State agency, the Department possesses the authority to consider septic system adequacy pursuant to the Environment Article of the Maryland

---

[5] F.C.C. § 1-19-3.300.4(A) states:

*Site development.* Existing and anticipated surrounding land uses have been adequately considered in the design of the development and negative impacts have been minimized through such means as building placement or scale, landscaping, or screening, and an evaluation of lighting. Anticipated surrounding uses shall be determined based upon existing zoning and land use designations.

(Emphasis in original).

7

Code. The Board then explained that appellants' second assignment of error failed as a matter of law because § 1-19-3.300.4(A) was enacted after SP 92-37 was filed, and could not apply to the site plan. After denying appellants' requests for reconsideration of its decision in March 2013, the Board adopted its findings in a written decision on April 30, 2013.

Appellants petitioned the circuit court on May 30, 2013, for judicial review of the Board's dismissal of its administrative appeal. The circuit court heard the matter on December 16, 2013, and affirmed the Board's decision in a written opinion on January 24, 2014.

Appellants timely noted their appeal to this Court on February 24, 2014.

### DISCUSSION

### A. Parties' Contentions

Appellants present two sets of grounds for appeal. First, they argue that the Board had the jurisdiction to consider the Health Department's decision regarding GMC's proposed septic system because it already did so in the 2010 appeal. Next, appellants argue in effect that, because Lot 4 was added to GMC's site plan, updating the plan changes the date of filing. F.C.C. § 1-19-3.300.3 was amended in 2009, and the amending ordinance included a grandfathering clause that made the new version of the statute applicable to all site plans filed after July 24, 2009. Appellants contend that because GMC added Lot 4 to the site plan after July 24, 2009, the filing date of SP 92-37 has changed and the grandfathering clause is inapplicable, making the site plan subject to the current version of § 1-19-3.300.3.

8

The Board and Commissioners (the "County appellees") collectively counter and state, first, that appellants' Lot 4 issue is not preserved for our review. In the event that the issue is preserved, however, the County appellees explain that, despite the revisions to the site plan, review of the plan is according to the version of § 1-19-3.300.3 in effect at the time of the original submission. Second, they argue the Board cannot review decisions of the Health Department, because it is a State agency acting under the authority of the Environment Article of the Maryland Code.

GMC substantially agrees with the County appellees' contentions regarding Lot 4 and § 1-19-3.300.3, and regarding the Board's lack of jurisdiction to review the Health Department's decision on GMC's proposed septic system.

## B. Standard of Review

This case comes to us on appeal from an order of a circuit court regarding a petition for the judicial review of a decision of an administrative agency. Our standard of review for such cases is well-established.

When we review the decision of an administrative agency or tribunal, "we [assume] the same posture as the circuit court . . . and limit our review to the agency's decision." *Anderson v. Gen. Cas. Ins. Co.*, 402 Md. 236, 244 (2007) (internal citation omitted). The circuit court's decision acts as a lens for review of the agency's decision, or in other words, "we look not *at* the circuit court decision but *through* it." *Emps. Ret. Sys. of Balt. Cnty. v. Brown*, 186 Md. App. 293, 310 (2009), *cert. denied*, 410 Md. 560 (2009) (emphasis in original) (internal citations omitted).

We "review the agency's decision in the light most favorable to the agency" because it is "prima facie correct" and entitled to a "presumption of validity." *Anderson v. Dep't of Pub. Safety & Corr. Servs.*, 330 Md. 187, 213 (1993) (internal citation omitted).

The overarching goal of judicial review of agency decisions is to determine whether the agency's decision was made "in accordance with the law or whether it is arbitrary, illegal, and capricious." *Long Green Valley Ass'n v. Prigel Family Creamery*, 206 Md. App. 264, 274 (2012) (internal citation omitted). With regard to the agency's factual findings, we do not disturb the agency's decision if those findings are supported by substantial evidence. *See id.* (internal citations omitted). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Catonsville Nursing Home, Inc. v. Loveman*, 349 Md. 560, 569 (1998) (internal citations omitted) (internal quotation marks omitted). We are not bound, however, to affirm those agency decisions based upon errors of law and may reverse administrative decisions containing such errors. *Id.*

### C. Analysis

#### *(i) The Board's Appellate Jurisdiction over Decisions of the Frederick County Health Department*

Appellants essentially seek to have this Court order the Board to review a decision of the Health Department regarding GMC's proposed septic system because it purportedly did so in 2009. We shall not do so because the Maryland Code, Code of Maryland Regulations ("COMAR"), and the F.C.C. set up a regulatory scheme that places matters

related to septic systems within the sole purview of the Health Department—a State agency.

The general responsibilities of county health officers are set forth in the Environment Article ("Envir.") of the Maryland Code. Among those responsibilities is the inspection of and reporting on "sewerage facilities in the county." Envir. § 9-102. In Frederick County, those responsibilities extend to the evaluation of proposed water and sewer facilities in site plans. Where a site plan includes service by non-publicly owned community water and sewer utilities, approval of the plan is conditioned on whether "the facilities [] meet the requirements of and receive approval *from the Maryland Department of the Environment/the Frederick County Health Department*." F.C.C. § 1-19-3.300.4(C) (emphasis added).

COMAR sets forth the technical requirements for the approval of septic systems by MDE. That Department has promulgated regulations for the approval of septic systems by health officers pursuant to its statutory authority. *See* COMAR 26.04.02 References & Annotations (2014) (citing Envir. §§ 9-216, 9-217, 9-223, 9-252, 9-319, 9-510, 9-1108, 10-103, 10-301, and 10-304 as the statutory authority for regulation of septic systems). According to these regulations, the Health Department, as the responsible health officer for Frederick County, is tasked with approving septic systems of less than 5,000 gallons. *See* COMAR 26.04.02.05.[6] We think this statutory and regulatory framework makes clear that

---

[6] COMAR 26.04.02.02 sets forth the general requirements for "new on-site sewage disposal systems and non-community water supply systems, replacements, additions to existing systems, repair or replacement of an existing system and any potential changes in the strength or volume of the sewage entering an on-site sewage disposal system."

11

the authority to approve septic systems such as the one proposed by GMC is a function of MDE, delegated to appropriate county authorities throughout the State.

With regard to zoning decisions, the Frederick County Code delineates the responsibilities of the Commission and the Board. F.C.C. Chapter 1-19, which contains Frederick County's zoning laws, lists the powers of the Board in F.C.C. § 1-19-2.150(D). Those powers include, in part:

> (1) [The power] [t]o hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this chapter;
>
> (2) [The power] [t]o hear and decide special exceptions to the terms of the chapter upon which the Board is required to pass under this chapter;
>
> (3) [The power] [t]o authorize upon appeal in specific cases a variance from the terms of this chapter, subject to the Board's administrative procedures[.]

F.C.C. § 1-19-2.150(D). These provisions are, in fact, an adaptation of the provisions of § 4-305 of the Land Use Article ("L.U.") of the Maryland Code. Section 4-305, which is part of the division of the statute entitled "Single-Jurisdiction Planning and Zoning," states that county boards of appeal may:

> (1) *hear and decide appeals when it is alleged that there is an error in any order, requirement, decision, or determination made* by an administrative officer or unit under this division or of *any local law adopted under this division*;
>
> (2) *hear and decide special exceptions to the terms of a local law on which the board is required to pass under the local law*; and

---

Approval of these systems is granted by what COMAR terms the "Approving Authority." An Approving Authority is defined by COMAR as "the Secretary of the Department of the Environment or the Secretary's designee." COMAR 26.04.02.01(B)(1).

(3) *authorize on appeal in specific cases a variance from the terms of a local law*.

(Emphasis added).

We think the language of the F.C.C. and L.U. § 4-305 makes clear that the Board's jurisdiction in zoning cases is limited to the review of any decisions made by the Commission under Chapter 1-19. Moreover, as discussed extensively *supra*, F.C.C. § 1-19-3.300.4(C) expressly states that septic system decisions must be made by the State via its agents. ("[T]he facilities shall meet the requirements of and receive approval from the Maryland Department of the Environment/the Frederick County Health Department.") Reading the statute to include septic system decisions within the Board's jurisdiction would lead to a result in contravention of the plain language of the statute. The statute's language clearly excludes approval of septic systems from the authority of the Commission and the Board. Furthermore, L.U. § 4-305 contemplates the review of decisions made according to *local* law, whereas septic system decisions are matters of *state* law and regulations.

We think the F.C.C. makes clear that a person aggrieved by the decision of the Frederick County Health Department must follow the appropriate State-wide statutory and regulatory procedures for review of those decisions. The decision of the local health officer on a septic system is not a matter of county authority, but State-delegated authority. Similarly, decisions of the Commission and the Board are matters of county authority, as stated in both the F.C.C. and the Maryland Code. We hold that the Board did not err where it found it lacked the subject matter jurisdiction to review the Frederick County Health Department's decision on GMC's septic system.

13

Appellants' additional contention that because the Board considered the substantive determination of the Health Department in the 2010 appeal, it must do so again in the present appeal is unpersuasive because of its inaccuracy. The Board explicitly stated in its March 2010 decision that GMC

> may have to appeal the decision of the Health Department pursuant to the applicable regulations set forth in [COMAR]. Neither the Planning Commission *nor the Board of Appeals is the appropriate body to hear an appeal of the decision of the Health Department to deny an applicant's septic system plan or the manner in which the Health Department made its decision*.

(Emphasis added). The Board did not decide anything substantive with regard to the proposed septic system and made absolutely clear it lacked jurisdiction. We hold, in light of the discussion *supra*, the Board did not violate appellants' due process rights because it has consistently declined to exercise jurisdiction over matters within the purview of the Frederick County Health Department, a State agency.

### (ii) SP 97-32's Compliance with F.C.C. § 1-19-3.300.3

We disagree with appellants' second assignment of error that the Board committed an error of law where it approved SP 97-32. According to appellants, SP 97-32 as submitted

14

does not meet the requirements for the site plans in F.C.C. § 1-19-3.300.3 because it did not include Lot 4, where the proposed access road would be built.[7]

Appellants effectively argue that the addition of Lot 4 to the site plan is not an amendment of the plan, but, rather, a new site plan application subject to the post-July 24, 2009, requirements of § 1-19-3.300.3. This would require the Commission and the Board to treat each amendment to a site plan as a brand new plan—a result we think unnecessary.

A close examination of the Frederick County Code provisions on the review of site plans, F.C.C. §§ 1-19-3.300 to 1-19-3.300.4, reveals that the statute possesses no language requiring the Commission to treat amended site plans as new site plans. First of all, this would create an unnecessary backlog of zoning applications, particularly where the amendments are minor. The statute already contemplates the necessity of amendments where the submitted information is somehow deficient. *See* F.C.C. § 1-19-3.300.3(G)(3) ("The submitted information, *if found deficient or in error, may be required to be resubmitted* over the certification of an engineer, architect, landscape architect, land surveyor or other certified professional." (emphasis added)). It bears noting that there is

[7] The appellees collectively argue that appellants' arguments regarding Lot 4 are not preserved for our review. Our review is limited to the record made before the administrative agency and we cannot pass upon issues presented to us for the first time on appeal. *See Dep't of Health & Mental Hygiene v. Campbell*, 364 Md. 108, 123 (2001); *Halici v. City of Gaithersburg*, 180 Md. App. 238, 248 (2008), *cert. denied*, 406 Md. 113 (2008). On pages 47–48 of the transcript of the Board's proceedings on February 28, 2013, appellants' counsel clearly raises the Lot 4 issue and the applicability of the revised ordinance to SP 92-37. Although the argument was, perhaps, not as detailed before the Board as it is before this Court, we think the issue was brought to the Board's attention sufficiently before it rendered the decision before us. Accordingly, we determine appellants have preserved this question for this Court's review.

nothing following this language in § 1.19-3.300.3 that indicates that an applicant must start the approval process from scratch where information is resubmitted.

Moreover, we defer to the Board's interpretation of its statute. The Board is the administrative body authorized to hear appeals on matters related to the application of the Zoning chapter of the County Code. *See* F.C.C. § 1-19-2.150. Given this subject matter expertise, we defer to the Board's interpretation of the Zoning chapter. *See Marriott Emps. Fed. Credit Union v. Motor Vehicle Admin.*, 346 Md. 437, 445 (1997); *Haigley v. Dep't of Health & Mental Hygiene*, 128 Md. App. 194, 216 (1999) ("To be sure, the consistent construction by an agency responsible for administering a statute is entitled to considerable weight. That deference is premised on the notion that *the agency has particular expertise in the area governed by the statute.*" (emphasis added) (internal citations omitted) (internal quotation marks omitted)).

The Board, in arguing for the date of filing to remain fixed with the date the original site plan was filed, examines and interprets Frederick County Ordinance No. 09-22-526 ("F.C.O. 09-22-526"). That ordinance amended the Zoning chapter of the County Code, specifically § 1-19-3.300.4—the main provision at issue here. Of critical importance to this dispute is the grandfathering clause in F.C.O. 09-22-526: "[T]his Ordinance shall take effect on and apply to site plan applications filed *after July 24, 2009.*" (emphasis added). The Board's interpretation of this clause considers the filing date to be the date the *original* site plan application was filed, and not when an amendment is filed. The Board explains that if it were to interpret the clause otherwise, the Board would be reading verbiage into the plain language of F.C.O. 09-22-526 that is non-existent. *Cf. Marriott Emps. Fed. Credit*

16

*Union*, 346 Md. at 445 (explaining that courts will not insert terms to make a statute express an intent not reflected in statute's original form). We agree.

A site plan filed pursuant to the Zoning chapter of the County Code retains the date of its original filing. We are in accord with the Board's reading of its statute and defer to its interpretation, especially in light of the plain language of F.C.O. 09-22-526. We think that, if a new filing date controlled for each amendment of a site plan, a certain amount of administrative discord would be introduced into the zoning process. The Board, tasked with maintaining its administrative efficiency, is in the best position to determine how the grandfathering clause will apply to extant site plan applications. *See, e.g., Cowles v. Montgomery Cnty.*, 123 Md. App. 426, 437 (1998) (citing administrative efficiency as a persuasive factor in accepting interpretation of statute by Board of Appeals for Montgomery County in a zoning matter). Having a new filing date apply each time an amended site plan is filed would be grossly inefficient. The Commission would need to constantly update records to reflect new filing dates. Moreover, those site plans filed before July 24, 2009, would have to comply with the new version of § 1-19-3.300.3. This would unnecessarily extend the approval process for existing site plans because the review process would begin anew for these plans. This would create a wholly unnecessary backlog. Avoiding unnecessary delays and administrative inefficiency commands a common sense reading of the statute. The plain language of F.C.O. 09-22-256 and the Board's interpretation of that ordinance are persuasive that the original filing date of a site plan should control with regard to the application of the grandfathering clause.

17

In light of these considerations, we determine the Board committed no error in considering SP 97-32—which includes Lot 4 after amendment of that plan—under the pre-July 27, 2009 requirements. The Board was not required to consider the site plan under the new requirements, and did not err where it found appellants had no grounds for appeal.

The Board's declination of appellants' administrative appeal was not erroneous. The Board's jurisdiction to consider the decision of the Health Department with regard to GMC's proposed septic system was necessarily limited by statute, and the grandfathering clause in F.C.O. 09-22-256 does not contemplate a new filing date for each site plan application. We hold the Board's decision to dismiss appellants' appeal was not arbitrary and capricious and that the decision was supported by substantial evidence.

**JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANTS.**